## MELLOIS v. CHAINE.

WHERE an appeal is taken to the Supreme Court from a decision of a Justice's Court, upon a case submitted on an agreed statement without action, under the three hundred and seventy-seventh section of the Practice Act, the transcript on appeal must contain a copy of the affidavit required by the same section, showing the reality of the controversy and good faith of the proceeding.

Where, instead of this affidavit, the record only showed an allegation in the agreed statement on appeal that the cause was heard in the Court below on an agreed statement of facts, "and the affidavit of the defendant that the controversy was real," the appeal was dismissed.

APPEAL from the Ninth Judicial District.

The facts are stated in the opinion.

*Whitcomb, Pringle & Felton,* for Appellant.

*F. Ganahl,* for Respondent.

NORTON, J. delivered the opinion of the Court—Field, C. J. concurring.

In this case, an agreed statement is presented for the purpose of obtaining the opinion of this Court as to the validity of the Foreign Miners' License Tax. A simple statement of the agreed facts is before us, and no argument has been made, or brief filed on the part of the plaintiffs, who are the foreigners for whose benefit, obviously, the opinion is sought. This is not a suitable way of proceeding in such a case. If it is a serious question, it is one in which a large number of residents in this State are interested, and should be treated in a more serious manner.

Mellois *v.* Chaine.

The three hundred and seventy-seventh section of the Civil Practice Act provides that a question in difference between parties may be submitted on an agreed statement without action.    "But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties." Instead of this affidavit, the record only shows the allegation in the agreed statement on appeal, that the cause was heard in the Justice's Court on an agreed statement of facts, "and the affidavit of defendant that the controversy was real."    Aside from the circumstances that such affidavit does not contain all the requisite facts, this agreed statement that there was such an affidavit in the Justice's Court cannot be taken as a substitute for the affidavit.    The statement is not on oath, and if we were obliged to entertain the case under such circumstances, parties might in any case, by agreement, evade the provision of the Practice Act requiring an affidavit, intended to prevent the Court from being employed in giving opinions in curious hypothetical cases.

In the absence of the requisite affidavit, the proceeding is one of which we cannot take cognizance, and the appeal is therefore dismissed.