[Sac. No. 415. Department One.—July 30, 1898.]

## JAMES BAILEY, Respondent, v. FRANK T. JOHNSON, Respondent. COUNTY OF SACRAMENTO, Intervenor, Appellant.

SUBMISSION OF AGREED CASE—VALIDITY OF TAX—JURISDICTION.—The submission of an agreed case without action, under section 1138 of the Code of Civil Procedure, between the owner of assessed property and the tax collector of the county, involving the validity of a tax, gives the court no jurisdiction of the subject matter.

ID.—AUTHORITY OF TAX COLLECTOR—PARTIES—TAXPAYER AND COUNTY.— The tax collector has no authority to submit such a controversy without action, or to represent the county therein, he being merely the agent of the county for the collection of the tax, with no interest in the question of its validity. The taxpayer and the county are the only parties to the question in difference as to the validity of the tax.

APPEAL from a judgment of the Superior Court of Sacramento County. A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

Frank D. Ryan, District Attorney, and J. Charles Jones, for Intervenor, Appellant.

J. H. McKune, for James Bailey, Respondent.

VAN FLEET, J.—The "agreed case" entered into between the plaintiff Bailey, the owner of the assessed property, and defendant Johnson, the tax collector of the county, whereby it was sought to submit to the court below, under the supposed sanction of section 1138 of the Code of Civil Procedure, the question of the validity of the tax in controversy, gave the court no jurisdiction of the subject matter sought to have adjudicated. Section 1138 provides that: "Parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought," etc., and thereby have a determination of such question. But this provision has reference to interested

parties, authorized and capable of litigating the question involved. The taxpayer and the county were the only parties to the "question in difference," involving the validity of the tax in controversy. Defendant, Johnson, the tax collector, was not such a party, and he was without authority to bind the county in the premises. He was but the agent of the county for the collection of the tax, with no interest other than that of an officer performing a duty enjoined by law, and with only such power and authority as the statute gave. He was not concerned in the question of the validity of the tax. If he failed to collect it because of its illegality, he was not responsible to the county; and if he collected it, and it subsequently proved to have been illegally assessed, he was not responsible to the aggrieved taxpayer. It is quite obvious, therefore, that he was not a "party," within the statute, authorized to submit the controversy without action.

It does not follow that, because he would have been the proper party defendant in an action brought by Bailey to enjoin the collection of the tax, he is the proper party to this proceeding. Such an action runs against the officer, or individual, whose act is to be enjoined, whether he be a principal or an agent. And while such an action would nominally be against the tax collector, the real defendant would be the county, with the right in the latter to conduct and have control of the defense. Here there is an attempt, without the intervention of an action, to submit to adjudication a controversy in which the rights of the county are directly involved, without any opportunity on its part to be heard. The objection to the jurisdiction interposed by the district attorney on behalf of the county should have been sustained. This renders it unnecessary to consider the other proposition discussed.

The judgment is reversed, with directions to the court below to dismiss the proceeding.

Garoutte, J., and Harrison, J., concurred.