SHEEHAN, Tax Collector, et al. v. OSBORNE et al.

S. F. No. 2237; July 23, 1902.

69 Pac. 842.

Taxation.—If a Judgment in an Action Against the Tax Collector of a county, which adjudges an assessment void, and enjoins him and his successors in office from proceeding under the assessment, is binding on him—which it is not unless the county is bound thereby—he has a right to proceed by suit or otherwise to set it aside, as preventing his performing his duties.[1]

Taxation.—An Order Dismissing a Suit to Set Aside a Judgment adjudging an assessment void, and enjoining the county tax collector

---

[1] Cited with approval in Davidson v. Baldwin, 2 Cal. App. 736, 84 Pac. 239, the court referring to it "for discussion of the principle" that when persons are but the agents of the city and of the county and state, they are equally bound by the judgment.

from proceeding under it, though entered by the plaintiff tax collector's attorney with his consent, will be opened for mistake on showing that he gave his consent in ignorance of his obligation to other parties interested, and that their interests would be prejudiced.

Tax Collector—Action by.—Though the Term of Office of Tax Collector Terminates pending a suit by him, it may be prosecuted without substitution of his successor, Code of Civil Procedure, section 385, after giving the rule in case of death of a party, providing that in case of any other transfer of interest the action may be continued in the name of the original party.

APPEAL from Superior Court, City and County of San Francisco; Wm. R. Daingerfield, Judge.

Suit by Edward I. Sheehan, tax collector of the city and county of San Francisco, and others, against George Osborne and others. From order denying motion to set aside a judgment of dismissal plaintiff Sheehan appeals. Reversed.

Lloyd & Wood, Page, McCutchen & Eells and Coogan & Kahn for appellant; Morrison & Cope, A. Heyneman, Naphtaly, Friedenrich & Ackerman and Garrett W. McEnerney for respondents.

SMITH, C.—This is an appeal from an order denying the appellant's motion to set aside a judgment of dismissal of date February 17, 1898. The dismissal was entered by the plaintiff's attorney, with the consent of the appellant, but it is claimed by the latter that in giving his consent he acted under a misapprehension of the law and of the facts, and of his obligations to parties represented by him, and for whose benefit the suit was brought. The dismissal suit was brought by Block, tax collector of the city and county of San Francisco, with the other plaintiffs, to set aside a judgment of date May 25, 1881, recovered by the defendant Osborne and the predecessors in title of defendants Schweitzer and the Crocker Estate Company against Tillson, then tax collector, adjudging the assessment known as the "Dupont Street Assessment" to be void, and enjoining the defendant and his successors in office from proceeding under the assessment to sell the lands of the plaintiffs therein. The present plaintiff Sheehan was substituted, pending the motion, as successor in office of Block. The other plaintiffs are owners and holders of Du-

pont street bonds, and sued in their own behalf and in behalf of all other owners and holders of such bonds. The case alleged in the complaint is substantially as follows: Prior to the date of the judgment in question, there were pending in the superior court of San Francisco against the tax collector twelve other suits in which the questions involved and the attorneys were the same as in the suit in question, and it had been stipulated in writing that two of these suits, namely, Lent v. Tillson and another, should be tried together as representative cases, the others to abide the result, and in each a like judgment in the trial court and on appeal be entered. The suits named were accordingly tried, and judgments entered for the plaintiffs, and thereupon judgments to the same effect were entered in the other cases, including the case in question here. Thereafter the judgments in the two representative cases were reversed by this court, whose judgment was affirmed by the supreme court of the United States: Lent v. Tillson, 72 Cal. 404, 14 Pac. 71, 140 U. S. 316, 35 L. Ed. 419, 11 Sup. Ct. Rep. 825. The remittitur was filed July 30, 1891, and the suit brought July 29, 1895. The stipulation, it is alleged, was by inadvertence not filed, and has been lost. According to the stipulation the judgment in question should have been set aside, and judgment in accordance with the decision of this court entered. But this was not done. Numerous affidavits were filed by the parties, which on some points sharply conflict; but it is claimed by the appellant that on the ultimate question involved there was no substantial conflict, and that it was an abuse of discretion in the court to deny the motion. The points urged by the respondents, except as to order of statement, are as follows: (1) The term of office of appellant having expired, this appeal, it is claimed, cannot be further prosecuted; nor can the present tax collector, who was elected under the charter, be substituted. (2) The affidavits being conflicting, the discretion exercised by the lower court cannot be reviewed. (3) The plaintiff's affidavit does not show a mistake, but, if anything, a fraud perpetrated upon plaintiff . . . . by his own counsel. (4) The motion should have been denied on the ground of laches. (5) The plaintiff Block had no interest in the litigation, and, being thus a mere nominal party, was not injured; nor (6) could he control the suit. Hence (7) plaintiff's attorney had power to dismiss

the action without his consent.   (8) Finally, it is claimed the plaintiff Block was not a necessary or proper party to the suit.

It may be that the last point is well taken: Bailey v. Johnson, 121 Cal. 562, 54 Pac. 80.   It is a question whether the judgment against the former tax collector could, as it purported to do, bind his successor in office.   The tax collector is not a corporation sole, whose successors constitute the same fictitious person, and are, therefore, bound by a judgment against a predecessor, but a mere agent of a corporation aggregate—that is, of the county.   There is no direct privity, therefore, between a tax collector and his successors in office, nor can the latter be regarded as "successors in interest" to their predecessors, for neither have any interest in the tax, nor, except as personally affected, in the question of its validity: Bailey v. Johnson, supra.   It may be, indeed, where a judgment is recovered against a tax collector, enjoining the enforcement of the assessment on the ground of its invalidity, that the city and county will be estopped by it; and no doubt, if it has participated in the defense, and thus made itself the real party of record, it will be so estopped: Loftis v. Marshall, 134 Cal. 394, 86 Am. St. Rep. 286, 66 Pac. 571. But under our code persons estopped by a judgment inter partes are divided into two classes, which seem to be exclusive of any others, namely, "the parties and their successors in interest by title subsequent to the commencement of action." The latter class corresponds to such privies only as are such by reason of "successive relationship to the same rights of property," and thus excludes privies by reason of "mutual . . . . relationship" to such rights (Bouv. Dict., art. "Privity," and authorities cited), who can be bound only, if at all, when they come under the description of "parties to the suit" (Code Civ. Proc., sec. 1908, subd. 2).   If, therefore, the plaintiff Block was bound by the former judgment, it was not by reason of his being successor in office of the defendant therein, or of any other direct relation between the two, but because his principal, the city and county, and therefore himself as its present agent, was estopped.   Whether, in fact, the city and county is bound by the judgment, need not, in its absence as a party, and in the absence of discussion in the briefs, be considered; but, if it be not bound, it is clear the plaintiff Block was not bound, and therefore had no cause

of action, and, upon this hypothesis, that the order appealed from should not be disturbed. But, assuming the contrary, and that, consequently, the former judgment is a valid judgment against him, operating to prevent him from performing the duties of his office (which is the respondents' theory), there can be no doubt that Block had the right to proceed to have it set aside.

There is another ground on which, perhaps, it might be held that Block had no cause of action. The stipulation on which the judgment was entered also provides, on the disposition of the appeals in the representative cases, for the entry of judgment to correspond with the judgment of this court; and we can see no reason at the present time why a judgment might not now be entered as stipulated. But the point not being argued by the counsel, we leave it without definite decision.

Other objections are urged to the sufficiency of the complaint, but these are such as, if well taken, might be cured by amendment; and it would therefore be improper to dispose of them on this motion.

From what has already been said we must regard as untenable the proposition that Block was a merely nominal party, and therefore had no control of the suit, and also the inference that the suit might be dismissed without his consent. The terms of the judgment expressly refer to him, and, if the judgment as to him was valid—which is the theory of respondent—he was in fact a party, and as such entitled to maintain a suit or other proceeding to vacate it. But he also represented in the suit his principal, the city and county, and indirectly all the bondholders, and must, therefore, a fortiori, have had the control, or right to control, the suit.

As to the appellant's showing on the motion to vacate the order of dismissal, we think it was sufficient. On many points the affidavits of the parties are conflicting, but the ultimate fact asserted in Block's affidavit is that in consenting to a dismissal he did so in ignorance of his obligations to other parties interested, and of the fact that their interests would be injuriously affected. This is not contradicted, but rather confirmed, by the affidavit of the attorney who obtained his consent to the dismissal; for this not only fails to show that Block was advised as to his obligations, but shows affirmatively that he yielded to the request on the ground that he

had become a party at the attorney's request, "and did not see why he could not dismiss these suits on the same request." There is no reason to doubt, therefore, that in giving his consent he was in ignorance of the effect of the dismissal on the rights of bondholders other than those represented in the suit; and, in view of the presumptions applying to the case (Code Civ. Proc., sec. 1963, subds. 1, 15), we cannot presume the contrary. Moreover, it is clear from the affidavits that he was not informed of his obligations to the county, his principal—a mistake in which the attorney seemed also to participate. We do not think there was any laches; nor do we think it material whether the mistake of the plaintiff Block was the result of mistake or of fraud.

The remaining point urged by the respondent is that the term of office of the appellant has expired, of which fact it is claimed the court will take judicial notice. This may be admitted, but it does not follow that the case cannot be prosecuted further, or that it cannot be so prosecuted without substitution of his successor in office. As to the latter point, the rule is different in case of the death of a party; but "in case of any other transfer of interest the action or proceeding may be continued in the name of the original party": Code Civ. Proc., sec. 385. If the succeeding party desires, he can make his application to be substituted; otherwise the suit will proceed without such substitution. This renders it unnecessary to consider the point that the present tax collector is not the successor of his predecessors elected under the former law, though we see no reason to doubt that he is.

We advise that the order appealed from be reversed and the cause remanded, with directions to the court below to vacate the order of dismissal and to reinstate the case.

We concur: Cooper, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded, with directions to the court below to vacate the order of dismissal and to reinstate the case.