[L. A. No. 1470. In Bank.—January 28, 1905.]

In the Matter of the Controversy without Action of F. A. DE LUCCA, Respondent, and WILLIAM H. PRICE, Justice of the Peace, Appellant.

SUBMISSION OF CONTROVERSY WITHOUT ACTION—SUBJECT OF CIVIL ACTION REQUISITE.—In order to establish the validity of the submission of a controversy without action under section 1138 of the Code of Civil Procedure, there must be a real controversy between the parties which at the time of the submission is the subject of a civil action between the parties and might be settled in such an action.

ID.—QUESTION AS TO UNEXECUTED SEARCH-WARRANT—JURISDICTION.— The question as to whether a search-warrant already issued by a justice of the peace and placed in the hands of the sheriff, requiring a search of the premises of a party for certain property, which was unexecuted by the sheriff, was issued without jurisdiction and authority of law, was not the subject of a civil action between such party and the magistrate at the time of the submission, and the superior court had no jurisdiction to determine such question by a submission thereof by them without action.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, District Attorney, and W. R. Andrews, Deputy District Attorney, for Appellant.

Hendrick & Wright, for Respondent.

ANGELLOTTI, J.—This is an attempt, without action and under the provisions of section 1138 et seq. of the Code of Civil Procedure, to obtain a decision as to whether a search-warrant, requiring a search of the premises of respondent for certain property, and the taking of the same if found, already issued by the appellant, as justice of the peace, and in the hands of the sheriff of San Diego County, who was about to execute the same, was issued without jurisdiction and authority of law. The agreed case was submitted to the superior court of San Diego County by respondent and appellant alone, the officer holding said warrant not being a party to the submission.

The question to be decided, as stated in the submission, was "Whether the said William H. Price as he is justice of said Julian Township, county of San Diego, state of California, have power, authority and jurisdiction to entertain, receive and file said affidavit for said search-warrant . . . and whether he have power, authority or jurisdiction to issue said search-warrant."

The superior court ordered and adjudged that said justice had no such jurisdiction, and that the warrant was issued without authority of law.

The justice of the peace appeals from such judgment.

We are clearly of the opinion that the superior court was without jurisdiction, upon the submission presented to it, to determine the question stated therein. The special jurisdiction conferred by section 1138 of the Code of Civil Procedure is limited in terms to the hearing and determination of such questions in difference as might at the time of the submission be the subject of a "civil action" between the parties making the submission, and it must appear in such a proceeding, by affidavit, that the controversy is real, and the proceedings in good faith, *"to determine the rights of the parties."* In other words, there must at the time of the submission be a real controversy between the parties thereto which might then be

settled in a civil action brought by one or more of such parties against the others.

The language of the statute is: "Parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction, if an action had been brought." (Code Civ. Proc., sec. 1138.) As has been said by this court, "This provision has reference to interested parties, authorized and capable of litigating the question involved" (*Bailey* v. *Johnson,* 121 Cal. 562), and only such parties may, by their agreement, confer jurisdiction upon the court "to hear and determine the case, and render judgment thereon, as if an action were depending."

The record shows no "question in difference" between De Lucca and the justice of the peace which could at the time of the submission have been the subject of a civil action between them. Even if it should be contended that for any damage caused De Lucca by the execution of a void search-warrant the justice of the peace issuing the same would be in any degree liable to De Lucca, there certainly could be no liability on his part until the possession of De Lucca had been invaded. At the time of the institution of this proceeding, the justice of the peace had issued the warrant, and it was in the hands of the sheriff, unexecuted. Whatever remedy De Lucca might then have had in the way of civil action against the sheriff, who was threatening to execute the warrant, no possible claim which could then be the subject of a civil action was asserted by him against the justice. His only claim was, that the justice of the peace had, in the exercise of the duties of his office, exceeded his jurisdiction in the issuance of the warrant, and that another officer, not a party to the proceeding, acting under the void warrant, was about to cause him damage. Manifestly, no civil action known to our law could at that time have been maintained by him against the justice. If any "question in difference" then existed which might be the subject of a civil action, it was a question between himself and the officer who was proceeding to execute the warrant.

It is doubtful, however, whether there was any such "ques-

tion in difference'' as is within the meaning of section 1138 of the Code of Civil Procedure between De Lucca and such sheriff. (See, also, *Bailey* v. *Johnson,* 121 Cal. 562.)

It may be suggested that *certiorari* would lie on the application of De Lucca to review the action of the justice's court, and this may be true. (See *Quan Chick* v. *Coffey,* 75 Cal. 371.) But that fact does not show any such question in difference between De Lucca and the justice of the peace as is within the contemplation of ·section 1138 of the Code of Civil Procedure. A tribunal, board, or officer exercising judicial functions is not authorized to litigate, as a party, the mere question as to whether it has, in the doing of an official . act, exceeded its jurisdiction. The law has provided methods by which the party aggrieved may have such an act reviewed by a superior tribunal. Ordinarily, this is accomplished by an appeal. Where there is no appeal or any other plain, speedy, and adequate remedy, such act may be reviewed on *certiorari.*

The proceeding in *certiorari* is simply an additional method of reviewing the action of an inferior tribunal exercising judicial functions, being similar in its nature to an appeal, and the tribunal whose act is assailed thereby has no interest in the matter in which it has simply acted in a judicial capacity (*I X L Lime Co.* v. *Superior Court,* 143 Cal. 170, 174, 175) to any greater extent or in any different degree than such interest as it may have when an ordinary appeal is taken from its order or judgment. The proceeding is against the completed act alleged to have been in excess of jurisdiction, rather than against the inferior tribunal, and while the writ runs to the tribunal whose action is sought to be reviewed, the real adverse party in interest is the one in whose favor the act complained of has been done. In this matter, the real parties in interest upon the question of the validity of the search-warrant, were the people of the state of California, in their collective capacity, and De Lucca. The tribunal which, on the application of the people, in the exercise of its judicial functions, issued the search-warrant, was not competent under the law to agree upon a case containing the facts upon which its jurisdiction depended, and was not authorized by any provision of statute to submit to a superior tribunal for review a transcript of its record and pro-

ceedings in the matter until it had been ordered to do so by a writ issued from such superior tribunal.

The superior court had no jurisdiction in the proceeding before us to affirm or annul the proceeding in the justice's court, and could not render any enforceable judgment in the matter.

We are satisfied that the judgment must be reversed and the matter remanded, with directions to the superior court to dismiss the proceeding, and it is so ordered.

Shaw, J., McFarland, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.