BERESFORD INDEPENDENT SCHOOL DIST., Appellant, v. FLETCHER, Respondent

(287 N. W. 497.)

(File No. 8208.   Opinion filed May 24, 1939.)

*Frieberg & Frieberg,* of Beresford, and *Alan Bogue,* of Parker, for Appellant.

*Clifford C. Oden* and *O. C. Donley,* both of Elk Point, for Respondent.

ROBERTS, J. Plaintiff appeals from a judgment entered after hearing of a submitted controversy without action.

Under the provisions of Chapter 99, Laws 1933, amending Sections 284 and 285 of Chapter 138, Laws 1931, any pupil who has successfully completed the eighth grade and holds a common school diploma may continue his school work up to and including the twelfth grade by attending any public high school furnishing a higher course of study than that offered by his home district and the district which he attends is entitled to payment from the school board of his home district for such instruction. The county superintendent is required to determine from the annual reports on file in his office the actual per capita cost per month of schooling a student in each of the high schools of the county for the current year, and to notify the clerk of the board of education of each school district in the county containing a high school of such amount. The tuition per month is arrived at by dividing the total cost of high school maintenance by the number of pupils enrolled in the high school and dividing this quotient by the number of months that school was in session.

It is stated in the agreed statement of facts that plaintiff claims that the total cost of high school maintenance includes the items of insurance premiums, interest on bonds and net investments,

depreciation, and repairs and replacement of buildings and equipment, and that the predecessor in office of defendant county superintendent in determining the per capita cost per month of schooling a student in the high school of plaintiff district for the school year 1934-35 eliminated these items from her computation. The trial court entered judgment in favor of the defendant determining that plaintiff was not entitled to have these additional items included.

■■■ Section 3026, Rev. Code 1919, provides that "parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceeding in good faith, to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment thereon, as if an action were pending." The submission of controversies without action is of statutory origin, and whether a submission is authorized must be determined from the provisions of the statute. Jurisdiction conferred by the provisions of Section 3026 is limited to the hearing and determination of such questions in difference as "might be the subject of a civil action" at the time of the submission. Parties to the submission must be interested parties, and only such parties may by an agreement confer jurisdiction upon the court to "hear and determine the case and render judgment thereon, as if an action were pending." In Bailey v. Johnson, 121 Cal. 562, 54 P. 80, the supreme court of California under an identical statute held that a tax collector was not such a party where the controversy related to the validity of a tax; that the only parties to the question in difference were the plaintiff taxpayer and the county, irrespective of the fact that the tax collector would be a proper defendant in an action to enjoin the collection of the tax. See, also, De Lucca v. Price, 146 Cal. 110, 79 P. 853.

■■ The only interest of defendant county superintendent in the determination of the per capita cost for tuition purposes is that of a public officer performing a statutory duty. Plaintiff does not contend that defendant or her predecessor in office was in any respect liable to the plaintiff district because of a failure to include

all items of high school maintenance in computing the per capita cost. Assuming, without so deciding, that parties to a question in difference which might be the subject of a mandamus proceeding may present a submission of an agreed case to the court, it would not follow that defendant county superintendent would be a proper party to the instant proceeding. The controversy in question relates to a completed act alleged to have been improperly performed and mandamus is not the proper remedy to compel the undoing of such an act. State ex rel. Vig v. Lehman, 45 S. D. 394, 187 N. W. 720. We are of the opinion that the trial court was without jurisdiction to hear and determine the controversy and to render judgment, and this being a jurisdictional matter was not susceptible of waiver by the parties.

The judgment is reversed and the cause is remanded with directions to dismiss the proceedings. No costs to be taxed.

POLLEY, RUDOLPH, and SMITH, JJ., concur.
WARREN, P. J., not sitting.