LANDERS et al., Appellants v. LINN et al., Respondents

(108 N.W.2d 340)

(File No. 9890. Opinion filed March 28, 1961)

**Martens, Goldsmith, May & Porter,** Pierre, for Plaintiffs and Appellants.

**A. C. Miller,** Atty. Gen., **Walter Weygint,** Asst. Atty. Gen., **Parnell J. Donohue,** Pierre, participating in the briefs, for Defendants and Respondents.

HANSON, J. Petitioners, Tom Landers and Harry Landers, seek a Writ of Mandamus (1) commanding Bernard Linn, as Commissioner of School and Public Lands to report to the Governor of South Dakota the sale of certain school land to petitioners and (2) commanding the Governor to approve said sales and issue patents therefor. Petitioners have appealed from the judgment quashing the alternative writ of mandamus.

There is no dispute as to the facts. It appears from the admitted pleadings and stipulations this action involves four 73-acre tracts of school land situated in Fall River County which had been duly selected, appraised, advertised, and offered for sale at public auction pursuant to SDC 15.03. At the ensuing public auction sale held in Hot Springs on October 13, 1958 the tracts in question were each struck off and sold to petitioners for $15 per acre which was the highest and best bid offered. The land had been appraised at $12 per acre.

More than 15 days before the sale Commissioner Linn gave notice of the sale to Howard Henderson, the record lessee by registered mail pursuant to Chapter 42 of the Laws of 1957 which gave a lessee of school land "* * *

the right to purchase such land for the amount of the highest bid made as provided by statute, upon giving notice of his election to exercise his right at the conclusion of the sale, and having bid at least once on such land at said sale * * *."[1] The lessee Henderson appeared at the sale and participated in the bidding. However, at the conclusion of the sale he did not give notice to anyone of his election to exercise his right to purchase under Chapter 42, Laws of 1957.

Immediately after the sale petitioners paid the full amount of their bids to the Fall River County Treasurer and obtained receipts. A written report of the sale was made by the County Auditor and a copy forwarded to, and received by, the Commissioner of School and Public Lands. Under date of February 26, 1959 Commissioner Linn wrote a letter to the Fall River County Treasurer regarding said sales. Copies were sent to petitioners. Pertinent parts of the letter are as follows:

"Dear Sir:

"Enclosed please find Refund Authorization No. 1152 in the amount of $4,409.70 to Thomas R. and Harry D. Landers of Hot Springs, South Dakota.

"The above-described sale is disapproved for the reason that we have concrete evidence that the land would have brought more money if Chapter 42 of the 1957 Session Laws had not been in effect, and that all parties to the sale had known that it was not in effect.

*        *        *        *        *        *        *

"We recognize full well that this land was struck off to the highest bidder but, because of doubt as to the constitutionality of the law, another bidder stood upon his rights to meet the high

[1]Chapter 42, Laws of 1957 was held to be unconstitutional by this Court on December 22, 1959. See Matthews v. Linn,—S.D.—, 99 N.W.2d 885.

100

bid. There is no question in my mind, but that there would have been additional competition and the land would have sold for a larger amount had there been no question as to the interpretation of the law.

"The sales are disapproved and we ask you to make this refund prior to the close of business on the 28th day of February. * * *

"Bernard Linn, Commissioner"

Other tracts of school lands were struck off and sold at the same public auction at which petitioners purchased, and all of such other sales were approved by Commissioner Linn and Governor Foss. The sum paid by petitioners has never been refunded to them.

It was stipulated Commissioner Linn and Governor Foss would testify that on one occasion between October 27, 1958, and January 5, 1959, they verbally discussed the sale of said land to petitioners. During this conversation, Commissioner Linn recommended to Governor Foss that the sale be disapproved for the reasons stated in Commissioner Linn's letter of February 26th. It was further stipulated Governor Foss would testify that he then and there verbally agreed with defendant Linn and verbally disapproved the sale.

Thereafter Commissioner Linn made no written or additional report of sale to Governor Foss, or to his successors in office and neither Governor Herseth nor Governor Gubbrud has ever acted to approve or disapprove the school land sales in question.

It is petitioners' contention that the Commissioner of School and Public Lands is under a duty to report school land sales to the Governor in writing and the Governor is likewise under a duty to approve or disapprove the same in writing and such duties can, and should, be enforced by mandamus.

The duties of the Commsisioner and Governor with reference to the sale of school and endowment lands are set forth in the following constitutional and statutory provisions:

S.D. Const. Art. VIII, § 6. "All sales shall be conducted through the office of the commissioner of school and public lands as may be prescribed by law, and returns of all appraisals and sales shall be made to said office. No sale shall operate to convey any right or title to any lands for sixty days after the date thereof, nor until the same shall have received the approval of the governor in such form as may be provided by law. No grant or patent for any such lands shall issue until final payment be made."

S.D. Const. Art. VIII, § 12. "The governor may disapprove any sale, lease or investment other than such as are intrusted to the counties."

SDC 1960 Supp. 15.0308. "* * * Whenever the Commissioner receives a report, stating that a tract has been sold for cash, he shall report such sale to the Governor. Should the Governor approve the sale, the Commissioner shall cause to be prepared a patent for such tract according to a form which the Board of School and Public Lands shall prescribe, which shall be executed in the name of the state by the Governor, and attested by the Commissioner, under the seal of his office. Such patent shall be forwarded to the county auditor for delivery to the purchaser after the expiration of Sixty days from the date of sale.

"Upon delivery of the contract or patent, the county auditor shall notify the county treasurer of such delivery. The county treasurer shall then pay to the State Treasurer the money deposited by such purchaser. Should the Governor disapprove of the sale of any tract, the county treasurer shall return in full to the purchaser thereof,

the sum deposited for such tract, taking such purchaser's receipt therefor on the back of the original receipt issued to the purchaser."

School land sales are held annually throughout the several counties of the state. The number, of course, varies from year to year, but could run into the hundreds. Each sale requires communication between county officials, the Commissioner of School and Public Lands, and the Governor. Under the circumstances, it would appear to be sound business and administrative practice to require a written memorial of official action with reference to each sale. Nevertheless, our law does not require a written report from the Commissioner to the Governor nor the written approval or disapproval of the Governor. Neither does the record in this case show such requirement by reason of long continued administrative interpretation and practice.

Even if we were to construe our law as requiring a written report from the Commissioner and written action by the Governor, such omission, in this case, would not justify the issuance of the extraordinary writ of mandamus. The writ "is a remedial process * * * to compel the discharge of a duty which ought to be performed, but not to compel * * * a compliance with the strict letter of the law in disregard of its spirit * * *." People ex rel. Wood v. Board of Assessors, 137 N.Y. 201, 33 N.E. 145, 146. This is not a case of official inaction. The Commissioner orally reported the sale to the Governor and Governor Foss exercised the discretionary power vested in him by orally disapproving the same. As indicated in prior cases, this controversy "relates to a completed act alleged to have been improperly performed and mandamus is not the proper remedy to compel the undoing of such an act." Beresford Independent School Dist. v. Fletcher, 66 S.D. 500, 287 N.W. 497, 498; State ex rel. Vig v. Lehman, 45 S.D. 394, 187 N.W. 720.

Affirmed.

ROBERTS, RENTTO and BIEGELMEIER, JJ., concur.

SMITH, P. J., concurs in result.