TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-401 |
| of | : | |
| | : | June 16, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE HUGH E. COMISKY, JR., DISTRICT ATTORNEY OF MODOC COUNTY, has requested an opinion on the following question:

With respect to a lawsuit that was filed against a judge by a county regarding the performance of administrative duties by the judge under the county's trial court coordination plan, may the county pay the attorney's fees and costs of litigation incurred by the judge?

CONCLUSION

With respect to a lawsuit that was filed against a judge by a county regarding the performance of administrative duties by the judge under the county's trial court coordination plan, the county must pay reasonable attorney's fees and costs of litigation that were necessarily incurred by the judge.

ANALYSIS

A county recently filed a petition for writ of mandate against a superior court judge relating to the judge's administrative duties under the county's trial court coordination plan. The county was represented by the county counsel. The petition was denied, and the case is now closed. We are asked whether the county may pay the attorney's fees and costs of the judge relating to the litigation without violating the constitutional prohibition against making a gift of public funds. We conclude that it must pay the fees and costs as required by statute.

Section 6 of article XVI of the Constitution provides:

"The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State, or of any county, city and county, city, township or other political corporation or subdivision of the State now existing, or that may be hereafter established, in aid of or to any person, association, or corporation, whether municipal or otherwise, or to pledge the credit thereof, in any manner whatever, for the payment of the liabilities of any individual, association, municipal or other corporation whatever; nor shall it

have power to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever . . . ."

Does the constitutional prohibition apply to the payment of the litigation costs in question? In answering this question, we find that the fundamental issue to be resolved is whether the money is to be used for a "public purpose"; if so, it is not a gift. (See, e.g., *Paramount Unified School Dist.* v. *Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371; 80 Ops.Cal.Atty.Gen. 56 (1997); 58 Ops.Cal.Atty.Gen. 691 (1975).) A determination of what constitutes a public purpose is primarily a matter for the Legislature, and its discretion will not be disturbed so long as it has a reasonable basis therefor. (*County of Sonoma* v. *State Bd. of Equalization* (1987) 195 Cal.App.3d 982.)

The Legislature has directed that the legal representation of a superior court judge in a matter pertaining to the judge's duties is normally the responsibility of the county counsel. Government Code section 27647 **Footnote No. 1** provides:

"(a) If requested so to do by the superior court of the county of which he is county counsel, or by any municipal court or justice court in such county, or by any judge thereof, and insofar as such duties are not in conflict with, and do not interfere with, his other duties, the county counsel may represent any such court or judge thereof in all matters and questions of law pertaining to any of such judge's duties, including any representation authorized by Section 68111 and representation in all civil actions and proceedings in any court in which with respect to the court's or judge's official capacity, such court or judge is concerned or is a party.

"(b) This section shall not apply to any of the following:

"(1) Any criminal proceedings in which a judge is a defendant.

"(2) Any grand jury proceedings.

"(3) Any proceeding before the Commission on Judicial Qualifications.

"(4) Any civil action or proceeding arising out of facts under which the judge was convicted of a criminal offense in a criminal proceeding." **Footnote No. 2**

When the county counsel is unable to represent a judge because of a conflict of interest, section 27648 states:

"If, because of a declared conflict of interest, any judge, who is otherwise entitled to representation pursuant to Section 825, 995, or 27647, is required to retain his own counsel, such judge is entitled to recover from the appropriate public entity such reasonable attorney's fees, costs, and expenses as were necessarily incurred thereby." **Footnote No. 3**

In the situation presented, a conflict of interest was declared that precluded the county counsel from representing the judge. Hence, the judge was required to obtain his own counsel.

In *Municipal Court* v. *Bloodgood* (1982) 137 Cal.App.3d 29, the municipal court judges of Los Angeles County retained private counsel to represent them in connection with a proposed reduction of court funding by the board of supervisors. The county counsel had a conflict, having represented the board of supervisors in relation to the legality of the reduced budget. (*Id.*, at p. 37.) The Court of Appeal held that the dispute was one in which the judges were entitled to legal representation under the terms of section 27648:

". . . An obvious purpose of Government Code section 27648 is to permit a judge to obtain legal representation in matters of law pertaining to the judge's duties, when a county counsel cannot properly represent that judge due to a conflict of interest." (*Id.*, at p. 41.)

Here, similar to the situation in *Bloodgood*, the litigated dispute centered on the administrative duties of the judge under the county's trial court coordination plan, and a conflict of interest was present.

Nevertheless, it has been suggested that the court's decision in *Municipal Court* v. *County of Placer* (1988) 200 Cal.App.3d 1173, supports the contrary conclusion that the payment of litigation costs in the present circumstances would be an unconstitutional gift of public funds. In *Placer County*, the county counsel filed a petition for writ of mandate against the municipal court on behalf of the county probation department, challenging in part the ruling made by a judge in a particular case (the Mitchell proceeding). **Footnote No. 4** The judge requested that the county counsel defend his ruling, but the county counsel declared a conflict of interest. The judge thereupon hired his own attorney. At the conclusion of the litigation, the board of supervisors refused to pay the attorney's fees and costs of the judge. The Court of Appeal concluded:

"Although we are not here required definitively and comprehensively to define the scope of section 27647, we are satisfied it does not authorize trial courts or judges to retain outside counsel to `defend' the judicial rulings of the court whenever such rulings are challenged. Each year thousands of appealable orders and judgments are rendered by the trial courts of this state. In addition, countless nonappealable orders are the subject of writ proceedings in higher courts. Broadly speaking, when such an order or judgment is challenged by appeal or writ it can be said the challenge raises a `question[] of law pertaining to any of such judge's duties,' or is otherwise a matter `in which with respect to the court's or judge's official capacity, such court or judge is concerned . . . .' Yet, in our view, it is inconceivable that the Legislature intended sections 27647 and 27648 to authorize trial courts and judges to retain counsel to represent them in all such matters at the expense of the taxpayers." (*Id*., at p. 1178.)

The court relied upon a 1905 Supreme Court case in reaching its conclusion:

"*Matter of De Lucca* (1905) 146 Cal. 110, involving a writ of certiorari, explicates a principle which applies here equally as well: `A tribunal, board, or officer exercising judicial functions is not authorized to litigate, as a party, the mere question as to whether it has, in the doing of an official act, exceeded its jurisdiction. The law has provided methods by which the party aggrieved may have such an act reviewed by a superior tribunal. Ordinarily, this is accomplished by an appeal. Where there is no appeal or any other plain, speedy, and adequate remedy, such act may be reviewed [by writ]. [¶] (6) The [writ] proceeding . . . is simply an additional method of reviewing the action of an inferior tribunal exercising judicial functions, being similar in its nature to an appeal, and the tribunal whose act is assailed thereby has no interest in the matter in which it has simply acted in a judicial capacity . . . to any greater extent or in any different degree than such interest as it may have when an ordinary appeal is taken from its order or judgment. The proceeding is against the completed act alleged to have been in excess of jurisdiction, rather than against the inferior tribunal, and while the writ runs to the tribunal whose action is sought to be reviewed, the real adverse party in interest is the one in whose favor the act complained of has been done.' (*Id*., at p. 113, see also *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 189-190.)" (*Id*., at pp. 1178-1179.)

The court distinguished *Bloodgood* as follows:

"*Municipal Court* v. *Bloodgood* (1982) 137 Cal.App.3d 29, relied upon by plaintiffs, is distinguishable. There, municipal court judges in Los Angeles County brought an action for declaratory relief against the county to enforce collection of attorney's fees incurred by the judges' employment of counsel to represent the courts in respect to a proposed reduction in the courts' budget. Because of a conflict of interest on the part of county counsel, the judges hired private counsel. It is implicit in the appellate opinion that the matter in which counsel was

retained involved a question relating to the duties of the municipal court judges within the meaning of section 27647. *Bloodgood* held that because county counsel could not accept the representation, the judges could properly retain outside counsel pursuant to section 27648 to represent them in their negotiations with the county, and the county was obligated to reimburse the judges for attorney's fees incurred. (At pp. 39-45.) The court emphasized that the budget as proposed by the county threatened to erode the ability of the municipal courts to guarantee basic constitutional rights. (See *id*., at pp. 36-37.)

"Unlike *Bloodgood*, the Mitchell proceeding . . . involved essentially a matter of statutory construction with regard to whether the municipal court or the County probation department had in the first instance the authority to direct a convicted misdemeanant to participate in the work release program. (See Pen. Code, §§ 1203, 1208, 4024.2.) . . ."

Here, we rely upon *Bloodgood* rather than the *Placer County* decision, since the county in question sued the judge to contest his authority to take specified official administrative actions pursuant to the county's trial court coordination plan. This was not the situation of a judge making a ruling in a particular case, where the losing party could seek review and the "party in interest . . . in whose favor the act complained of has been done" (*Matter of de Lucca* (1905) 146 Cal. 110, 113) could "defend" the ruling.

Accordingly, we believe that the instant matter comes under the terms of section 27648 because of the county counsel's declared conflict of interest and the judge's right to legal representation pursuant to section 27647. Under the latter statute, the county's lawsuit clearly involved a matter and question of law pertaining to the judge's duties; it did not involve a ruling in a case between two adverse parties.

The legal defense of official actions provided under the terms of sections 27647 and 27648 serves a public purpose. Public duties, when challenged, may necessitate legal representation. No gift of public funds may be asserted when public duties, as in the circumstances presented, are defended by private counsel and the payment of "reasonable attorney's fees, costs, and expenses as were necessarily incurred thereby" (§ 227648) is requested. **Footnote No. 5**

We conclude that with respect to a lawsuit that was filed against a judge by a county regarding the performance of administrative duties by the judge under the county's trial court coordination plan, the county must pay reasonable attorney's fees and costs of litigation that were necessarily incurred by the judge.

* * * * *

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
Section 68111 concerns when a judge "is a witness in his official capacity as judge in any action or proceeding."
**Footnote No. 3**
Sections 825 and 995 involve lawsuits filed against public officers and employees based upon acts or omissions in the performance of official duties.
**Footnote No. 4**
*Placer County* also involved a second underlying proceeding, which the Court of Appeal treated in the same manner.
**Footnote No. 5**
The litigation costs payable pursuant to section 27648 do not depend upon whether the judge is the "prevailing party" in the lawsuit. (*Municipal Court* v. *Bloodgood*, *supra*, 137 Cal.App.3d at 45-46.) They would be payable regardless of an order of a trial court or appellate court that the parties bear their own costs.