506 P.2d 1079

**Catherine HICKOX, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable David M. Lurie, Judge, thereof, and John B. Hickox, Respondents.**

**No. 1 CA–CIV 2281.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 1, 1973.

Another phase of this divorce case was presented to this Court by way of special action number 1 CA–CIV 2241. In 1 CA–CIV 2241 the informal hearing was held on 13 December 1972 and this Court entered an order pending the filing of an opinion, the order bearing the date of 14 December 1972. The opinion in 1 CA–CIV 2241 was filed on 1 February 1973 and is entitled Hickox v. Superior Court, 19 Ariz.App. 195, 505 P.2d 1086. After the entry of this Court's order of 14 December 1972 the domestic relations action was assigned to the Respondent Judge and the procedural steps which thereafter occurred have led to the present special action.

Domestic relations cause number D–131432 is the Superior Court matter involved herein. The wife, as plaintiff, filed a complaint on 6 January 1972 seeking a divorce, the custody of the child, alimony, child support and the determination of property rights. The husband filed an answer but no counterclaim. Interlocutory orders were entered.

The case was set for trial before Judge Lurie on different dates, each setting being to the court without a jury.

On 15 January 1973 there was a pretrial conference during which certain matters were agreed upon. Later minutes entered on the same day reflect the following:

"Let the record show that immediately preceeding the case being tried in open Court and after the pre-trial conference has been concluded in chambers, Plaintiff's counsel came into the Court chambers along with counsel for Defendant.

"Counsel for Plaintiff moves to dismiss Plaintiff's Complaint.

"Counsel for Defendant moves that in the event the Court grants Plaintiff's Motion to Dismiss, that Defendant be allowed to file counterclaim prior to action being dismissed.

\* \* \* \* \* \*

"Respective counsel present argument to the Court.

Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Harry J. Cavanagh, Phoenix, for respondent John B. Hickox.

STEVENS, Judge.

The petitioner, Catherine Hickox, [wife] filed this special action seeking to overturn an order entered by the Respondent Judge, The Honorable David M. Lurie, which order denied her request that the domestic relations action to which she is a party be tried with an advisory jury. The respondent-real party in interest is John B. Hickox, [husband].

"Good cause appearing therefor,

"IT IS ORDERED that Defendant may file a counterclaim today with the Clerk of this court; and that upon Defendant's filing his counterclaim in this action, Plaintiff's Complaint will be dismissed without prejudice pursuant to written Order to be supplied by Defendant's counsel.

"Let the record show that plaintiff's counsel will accept service on behalf of Plaintiff in this action.

"IT IS FURTHER ORDERED vacating trial date of January 15, 1973, and resetting this matter for trial to the Court at 9:30 a. m. on Monday, March 5, 1973, with pre-trial conference in this matter set for 8:30 a. m., Monday, March 5, 1973."

The husband promptly filed his counterclaim seeking a divorce from the wife and the custody of the child. The wife's complaint was then dismissed without prejudice.

The wife immediately filed a new divorce complaint as a separate numbered proceeding seeking certain *pendente lite* orders. On 16 January 1973 the trial court directed that cause number D–131432 proceed with the husband as the plaintiff and the wife as the defendant; the husband's counterclaim became his complaint and he shortly thereafter filed an amended complaint modifying the relief sought by eliminating his request for custody of the child and limiting his request in that respect to visitorial privileges. The wife filed a motion to set with a jury. The preliminary orders which had been entered were continued in effect and the wife dismissed her newly filed complaint. The wife thereafter filed her answer to the husband's amended complaint and her counterclaim enlarging her allegations as to her grounds for divorce.

On 2 February 1973 the Respondent Judge, in ruling on the wife's 16 January 1973 request for a jury trial, entered the following order:

"IT IS ORDERED denying the request for an advisory jury on the basis that defendant has previously waived any request for an advisory jury and for the further reason that the request was not filed prior to this matter being set for trial on March 5, 1973."

At the oral presentation before the Court of Appeals both counsel agreed that they jointly advised the Respondent Judge that the trial date of 5 March 1973 was mutually satisfactory. They agreed that in the conferences with the Respondent Judge there was no express stipulation to a court trial without an advisory jury.

Rule 41(a), Rules of Civil Procedure, 16 A.R.S., governs the privilege of a plaintiff to voluntarily dismiss an action. Where, as here, the husband, then the defendant, had theretofore filed an answer, the wife [then the plaintiff] could not voluntarily dismiss her then complaint without an "order of the court and upon such terms and conditions as the court deems proper." The Respondent Judge declined to dismiss the wife's then complaint for divorce until the husband had filed a counterclaim which brought into operation the following provision of Rule 41(a)(2):

"* * * If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

The trial date of 5 March allowed ample time for the wife to plead to the husband's counterclaim which was, on the 16th, designated as his complaint.

Thus, on 16 January 1973 there were new issues to be tried, the husband's right to a divorce and his claim to a right to the custody of the child. The latter appears to have been pled by inadvertence and was promptly eliminated and changed to a re-

quest for visitorial privileges by the husband's amended complaint.

As we read the order of the Respondent Judge entered on 15 January 1973, the only condition imposed by the Respondent Judge to the granting of the dismissal of the wife's then complaint was that the dismissal be delayed long enough to permit the husband to file a counterclaim seeking a divorce. We do not read the order to say that a further condition was that the action be tried to the court without an advisory jury. In the 2 February order the Respondent Judge held that the wife had waived her right to a jury trial. This is correct as of the start of the pretrial conference on 15 January, both the husband and wife having theretofore filed motions to set waiving a jury. This is not correct as of the changed status wherein the husband became the plaintiff, the wife became the defendant and counterclaimant, and new issues were inserted into the litigation.

Under these procedural steps we do not find that the wife waived her right to an advisory jury under the new posture of the litigation.

We recognize that Civil Rule 38(b) requires that the request for a jury trial be made "not later than the date of setting the case for trial" and that Rule 39(h) grants to the trial judge the discretion to order a jury trial even though a demand was not timely made. We hold that the agreement to the 5 March 1973 trial date, an agreement entered into before the wife had had the opportunity to plead to her husband's complaint did not deprive her of the right to demand a jury. Under the posture of the litigation on the 16th day of January 1973, the jury demand was timely.

In order to not further delay matters in the Superior Court and on 16 February 1973, after the informal presentation of the special action petition, we entered our order as follows:

"IT IS ORDERED vacating the order of February 2, 1973, denying the wife's request for an advisory jury.

"IT IS FURTHER ORDERED that the trial be conducted with an advisory jury.

"The wife requests that the Court of Appeals order that the Respondent Judge 'submit to the jury all interrogatories requested by the parties concerning genuine issues of fact raised in the trial of this matter.' The request is in very broad language and if granted might be construed as depriving the trial judge of his power and authority to rule upon the propriety of individual requests for interrogatories.

"IT IS FURTHER ORDERED that appropriate interrogatories be submitted to the advisory jury.

"An opinion will follow."

By the above order we do not rule upon the contentions made at the oral presentation that the jury interrogatories must be limited to the new issues created by the husband's amended complaint, the wife's answer thereto and her counterclaim. See Hackin v. Pioneer Plumbing Supply Co., 10 Ariz.App. 150, 457 P.2d 312 (1969). These are matters appropriate for the consideration of the Respondent Judge at the time of the trial. We do not deem ourselves sufficiently informed to render a more definitive opinion in this request.

Relief is granted in conformity with the 16 February 1973 order hereinbefore quoted.

DONOFRIO, P. J., Department A, and OGG, J., concur