472 P.2d 34

Ross P. LEE, Maricopa County Public Defender, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, and the Honorable Robert L. Myers, Judge thereof, Respondents.

No. 10104.

Supreme Court of Arizona, In Banc.

July 17, 1970.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by John K. Mangum, Deputy County Atty., Phoenix, for respondents.

LOCKWOOD, Chief Justice:

This case is before us on a petition for a special action filed by the Public Defender of Maricopa County against the Superior Court of Maricopa County and Judge Robert L. Myers. On July 1, 1970 we accepted jurisdiction of the action and ordered the issuance of an alternative writ of mandamus to compel Judge Myers to vacate an order appointing the petitioner as counsel in a pending case and appoint private counsel to represent the defendant in that case.

The Public Defender brought the instant action because he had been appointed to defend one Richard Eugene Robinson in case number CR 62676 in the Superior Court of Maricopa County. Petitioner contended that A.R.S. §§ 11-581 to 11-586, which created the office of Public Defender, permit him to represent indigent defendants only in felony cases, while the Robinson case was a misdemeanor. Defendant's indigency is not in issue. Petitioner's lack of authority to represent misdemeanants was called to Judge Myers' attention by a motion for leave to withdraw as counsel, and the motion was denied.

The applicable language in A.R.S. § 11-584 states that the Public Defender shall defend, on order of the court:

> "* * * any person who is charged with the commission of a felony."

This language is clear and unambiguous. In Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617, we said:

> "Nothing is more firmly settled than under ordinary circumstances, where there is involved no ambiguity, or absurdity, a statutory or constitutional provision requires no interpretation."

Again, in City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 we said:

> "Where the statute is unambiguous the courts will apply only the language used, and not interpret, for the statute speaks for itself."

A.R.S. § 11-584 was enacted in the spring of 1964. A few months later we issued our decision in the case of State v. Anderson, 96 Ariz. 123, 392 P.2d 784, in which we held that under the decisions of the United States Supreme Court, it was necessary to appoint counsel for indigents accused of misdemeanors which fell in the category of "serious offense." If, therefore, the legislature intended to have the Public Defender represent defendants accused of crimes less serious than felonies, it has had ample opportunity to clarify the law, and will have other opportunities in the future if it desires to make a change.

Writ of mandamus is made permanent.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.