505 P.2d 1086

**John HICKOX, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable Ed W. Hughes, Judge theerof, and Catherine Hickox, Respondents.**

**No. 1 CA–CIV 2241.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 1, 1973.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Jay M. Martinez, Phoenix, for petitioner.

Flynn, Kimerer, Thinnes & Galbraith by Richard L. Parrish, Phoenix, for respondents.

JACOBSON, Chief Judge, Division One.

This special action requires the court to determine whether a peremptory challenge under Rule 42(f), Rules of Civil Procedure, 16 A.R.S., may be withdrawn when it appears that the challenge was made in vain.

In this divorce action proceeding, plaintiff-real party in interest, Catherine Hickox, filed an order to show cause against the petitioner, John Hickox, which was returnable on September 11, 1972, before the Honorable W. E. Patterson who was at that time serving as a pro tem judge of the Maricopa County Superior Court. Judge Patterson on his own motion reset the order to show cause hearing for October 16, 1972. On September 17, 1972, Mrs. Hickox's counsel, pursuant to Rule 42(f), *supra*, filed a Notice of Change of Judge against Judge Patterson. This counsel later testified that the reason for filing the Notice of Change of Judge was "personal to us and the plaintiff, we affidavited or noticed that change of judge, on Judge Patterson, subsequent to this because we do not wish to go before him for any purpose on October 16th." Pursuant to this notice, Judge Patterson entered an order transferring the cause "to the Presiding Judge for reassignment." The hearing on the order to show cause was then assigned by the Presiding Judge to the Honorable Philip W. Marquardt, for trial and all further proceedings.

Judge Patterson, having completed his service as a judge pro tem, left the Maricopa County Superior Court bench on October 6, 1972—ten days prior to the re-

scheduled hearing. Because of scheduling conflicts in Judge Marquardt's court, the order to show cause hearing was again rescheduled.

On November 15, 1972, Mrs. Hickox filed a motion entitled "Motion to Withdraw Notice of Change of Judge and to Re-assign Case to Division From Which It Came." The basis of Mrs. Hickox's motion was that she had in essence wasted her peremptory challenge for change of judge because of the temporary status of Judge Patterson as he would not have sat on her order to show cause in any event, and this temporary status was unknown to Mrs. Hickox or her counsel. This motion was argued to Judge Marquardt on November 15, 1972, and denied. The same motion was then presented to the acting presiding judge, who because of personal acquaintance with the litigants transferred the matter to the Honorable Ed W. Hughes, who as special acting presiding judge, granted the motion and assigned the matter to the Honorable David M. Lurie for further proceedings on November 21, 1972. Following a petition filed by Mr. Hickox before Judge Hughes to reconsider his order granting the motion, which was denied, counsel for both parties, on November 17, 1972, informally conferred with this court anticipating the filing of a special action. Because of the nearness of the pending hearing before Judge Lurie—November 21, 1972—this court discouraged the filing of such a special action and none was filed. On November 20, 1972, Mrs. Hickox asked for and was granted a continuance of the November 21, 1972, hearing, and the matter was reset for January 3, 1973.

Mr. Hickox, following the granting of the continuance, again made application for a special action in this court which was filed, and oral arguments were heard thereon on December 13, 1972. Following oral arguments this court entered an order accepting jurisdiction of the special action and granting a portion of the relief requested with an indication that a written opinion would follow. This is that written opinion as required by Rule 7(d), Rules of Procedure for Special Actions, 17 A.R.S., as amended.

■ Special action is a proper method of testing matters dealing with a peremptory challenge of a judge. Hofstra v. Mahoney, 108 Ariz. 498, 502 P.2d 1317 (1972).

Mr. Hickox in his petition for special action requested relief in three areas:

(1) That the order of Judge Hughes reinstating in Mrs. Hickox a Rule 42(f) peremptory challenge for change of judge be vacated;

(2) That the order of Judge Lurie granting a continuance of the order to show cause hearing be vacated; and,

(3) That this court order all matters to proceed before Judge Marquardt.

■ As to the relief requested against Judge Lurie, the court notes that he was not made a party to this special action proceeding, nor was he served nor did he appear in this matter. Rule 2, Rules of Procedure for Special Actions, in part provides: "The complaint shall join as a defendant the body, officer, or person against whom relief is sought." The petitioner having failed to join Judge Lurie as a party respondent to his petition, this court is without jurisdiction to grant any relief against him.

■ Turning now to the relief requested against the order of Judge Hughes granting Mrs. Hickox's motion to withdraw her previous peremptory challenge exercised against Judge Patterson, we are of the opinion that petitioner's position is well taken. We first note that Mrs. Hickox's motion to withdraw her peremptory judge challenge was first presented to Judge Marquardt, to whom this matter had been assigned, and was denied. The next day the same motion was presented to another judge of the same Maricopa County Superior Court and was granted. This court expressly disapproves of such practice. However, we need not decide this is-

sue on this procedural ground alone, the court being of the opinion that on the merits the granting of Mrs. Hickox's motion to withdraw her peremptory judge challenge was improper.

In King v. Superior Court, 108 Ariz. 492, 502 P.2d 529 (1972), the Arizona Supreme Court stated the rule as to change of judge prevailing prior to the enactment of Rule 42(f), *supra*:

> "Prior to our amendment to R.C.P. 42(f), it was well-settled that a party had a right to a peremptory challenge of *one* judge, unless he had waived that right by participating in some proceedings on the merits of the case." (Emphasis added.) 502 P.2d at 530.

Also *see*, American Buyers Life Ins. Co. v. Superior Court, 84 Ariz. 377, 329 P.2d 1100 (1958); In re Estate of Sears, 54 Ariz. 52, 91 P.2d 874 (1939).

In our opinion, Rule 42(f)(1)(A), *supra*, is merely a codification of this one judge change as a matter of right approach by providing in part that:

> "In any action pending in superior court, each side is entitled as a matter of right to a change of *one* judge and of *one* court commissioner." (Emphasis added.)

It is further our opinion that the granting of a peremptory challenge to obtain a change of judge as a matter of right is a challenge which is given as a matter of grace under the Rules, and is to be distinguished from a disqualification of a judge based upon cause. A.R.S. § 12–409 (1956). It is therefore our opinion that Mrs. Hickox having once exercised her rule-given right to peremptorily change one judge, may not have that right reinstated regardless of whether subsequent facts may show that the exercise of that right was unnecessary. The rules allow only one peremptory challenge shot; she, having fired that shot, may not reload upon finding that her target had already expired.

The third area in which relief was requested by petitioner was that this court direct that the pending matters in this action proceed to trial before Judge Marquardt, the judge to whom it was assigned following the disqualification of Judge Patterson. As previously indicated, but for the order of Judge Hughes granting Mrs. Hickox's motion to withdraw her peremptory challenge, this matter would have, in the normal course of events, been heard and tried by Judge Marquardt. However, in granting Mrs. Hickox's motion, Judge Hughes also, in his capacity as special acting presiding Judge of Maricopa County, reassigned this matter to Judge Lurie for trial. While we have no hesitancy in correcting errors of law committed by a trial judge, we are loathe to interfere in the administrative handling of case assignments by the presiding judge in a multi-judge county. In our opinion, Judge Hughes's order assigning this case to Judge Lurie falls within the latter category. The court is aware, as a practical matter, that the assignment of this action to Judge Lurie accomplishes the underlying purpose of Mrs. Hickox's motion by removing it from Judge Marquardt and, for this reason, the court would caution the presiding judge to exercise his assignment powers with discretion so as not to sidestep the one judge challenge provisions of Rule 42(f), *supra*. However, this court should not and will not unduly interfere with the administrative powers of the presiding judge to assign matters in his court and, for this reason, the relief requested by petitioner on this point is denied.

For the foregoing reasons, the order of Judge Hughes insofar as it purports to reinstate in respondent real party in interest a peremptory challenge for disqualification of a judge under Rule 42(f), *supra*, is vacated. In all other respects, the relief requested by petitioner is denied.

Relief granted in part; denied in part.

EUBANK, P. J., and STEVENS, J., Department A, concur.