575 P.2d 318

Norman S. **FENTON,** Judge of the Superior Court in and for Pima County, Petitioner,

v.

The Honorable Lawrence **HOWARD** and the Honorable James D. **Hathaway,** Judges of the Arizona Court of Appeals, Division Two, Respondents,

and

Guillermo **MARTINEZ,** Real Party in Interest,

and

Bruce **PARSIL,** Real Party in Interest.

No. 13459.

Supreme Court of Arizona, En Banc.

Feb. 3, 1978.

Stephen D. Neely, Pima County Atty., by Howard Baldwin and James M. Howard, Deputy County Attys., and Rose Silver, Sp. Counsel to the Civ. Div., Tucson, for petitioner.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for Bruce Parsil.

Norman R. Freeman, Tucson, for Guillermo Martinez.

HAYS, Justice.

This is a Special Action brought by petitioner Norman S. Fenton, Judge of the Superior Court in and for Pima County, against respondents Lawrence Howard and James D. Hathaway, judges of the Court of Appeals. The petitioner asks this court to vacate the Court of Appeals decision and to rule that he has a right to appear and plead in a Special Action naming him as a respondent, and further to uphold the trial court's order quashing a subpoena.

Guillermo Martinez, real party in interest, sustained severe facial scarring as a result of an automobile accident involving Bruce Parsil, the other real party in interest. As a result of the facial scarring, Martinez claimed his marriage began to deteriorate. About a year later, he filed for dissolution of his marriage. He and his wife participated in counseling through the Court of Conciliation. Later Martinez brought an action against Parsil for personal injuries. Some of the damages alleged in the personal injury action were for emotional stress resulting from the scarring of Martinez's face. Martinez subpoenaed Don Crawford, the assistant director of the Court of Conciliation of Pima County, for the purpose of taking his deposition. The subpoena required Crawford to bring to the deposition "any and all documents, records, reports, and/or notes concerning counseling services rendered to the above-named Plaintiff."

Pima County Superior Court Judge Norman S. Fenton indicated in a minute entry that at the request of Crawford, the court on its own motion quashed the subpoena. Martinez moved to set aside the order quashing the subpoena. Citing A.R.S. § 25–381.16, Judge Fenton refused to set aside the order on the basis that the confidential nature of the counseling at the Conciliation Court was the very heart of the

Conciliation Court's effectiveness in rendering proper service to the persons it served. Although Martinez and his wife had signed forms authorizing Crawford to release information relevant to Martinez's emotional problems, the court stated that the "form" authorization was inadequate to cover the unique situation where more than communications by the plaintiff was involved, and the "form" did not cover the confidentiality of such things as the counselor's notes and observations.

Martinez then brought a Special Action in the Court of Appeals alleging that the lower court had abused its discretion. Judge Fenton attempted to respond by having the County Attorney represent him, but the Court of Appeals ordered the response stricken stating that the judge had no standing in the Special Action. The Court of Appeals granted the relief requested by Martinez and ordered Judge Fenton to vacate the order quashing the subpoena.

Judge Fenton then brought a Special Action and obtained a stay of proceedings in the trial court pending the outcome of the Special Action.

We hold that a judge does have the right to appear and to be represented in a special action against him, where the judge is a named respondent. *See Hickox v. Superior Court in and for County of Maricopa,* 19 Ariz.App. 195, 505 P.2d 1086 (1973). In the instant case, the right of the judge to appear and to be represented is especially important because the judge named as respondent is the head of the Conciliation Court, and he is therefore vitally concerned with the outcome of the Special Action. It is the judge's prerogative to appear and argue for a result which would not hamper the effective functioning of the Conciliation Court.

We further hold that it is proper for the County Attorney to represent a judge who is named respondent in a Special Action. While the County Attorney may not be required to serve as attorney for the judge, if the County Attorney is willing to do so and the judge accepts his services, we deem it proper in appropriate circumstances for

his office to represent a judge respondent in a Special Action.

Next, considering the merits of the Special Action, we believe that the subpoena as presently written is overbroad. A.R.S. § 25–381.16 gives a privilege to the *communications of the parties* to persons acting for the Conciliation Court and to reports of outside resource agencies. This does not mean that other matters coming to the attention of the Conciliation Court during the counseling of the parties must be freely and easily disclosed. Every court has inherent power to do those things which are necessary for the efficient exercise of its jurisdiction. *See State v. Superior Court,* 39 Ariz. 242, 5 P.2d 192 (1931). The jurisdiction of the Conciliation Court is set forth in A.R.S. § 25–381.08 which provides:

"Whenever any controversy exists between spouses which may, unless a reconciliation is achieved, result in the legal separation, dissolution or annulment of the marriage or in the disruption of the household, and there is any minor child of the spouses or either of them whose welfare might be affected thereby, the conciliation court shall have jurisdiction over the controversy, and over the parties thereto and all persons having any relation to the controversy, as further provided in this article. Added Laws 1962, Ch. 119, § 1. As amended Laws 1973, Ch. 139, § 3."

The Conciliation Court's jurisdiction is further defined by A.R.S. § 25–381.01 which states:

"The purposes of this article are to promote the public welfare by preserving, promoting and protecting family life and the institution of matrimony, to protect the rights of children, and to provide means for the reconciliation of spouses and the amicable settlement of domestic and family controversies. Added Laws 1962, Ch. 119, § 1."

Under these statutes and *State v. Superior Court, supra,* the Conciliation Court may refuse to disclose matters not made privileged by A.R.S. § 25–381.16, if

disclosure will hamper the Conciliation Court in carrying out its purposes.

■ However, the court's right to protect its ability to function effectively by prohibiting disclosure must be balanced by the need of a litigant for the information sought. When, as in this case, a person claims that information in the custody of the Conciliation Court will be necessary, or very helpful, to him in another proceeding, an in-camera hearing must be held to determine the need for disclosure and the harm to the Conciliation Court if the desired disclosure is allowed. The judge should order disclosure of that material shown to be appropriate by a just balancing of the needs of the individual for the information and the need of the Conciliation Court for confidentiality. We find a parallel between this disposition of the case and the action taken by the court in *Mathews v. Pyle*, 75 Ariz. 76, 251 P.2d 893 (1952), although the *Mathews* case involved the executive rather than judicial branch of government.

The opinion of the Court of Appeals filed November 16, 1977 is vacated, and this case is remanded to the trial court for proceedings consistent with the above.

CAMERON, C. J., STRUCKMEYER, V. C. J., and GORDON, J., concur.

HOLOHAN, Justice, specially concurring.

For the reasons hereinafter stated I concur in the disposition made by this court of this special action.

I am in total agreement with the views of the majority that a judge named as a respondent in a special action has the right to appear and to be represented. I also agree that the County Attorney may represent the judge.

Where I part company with the majority is on the resolution of this case as one involving the "inherent powers" of the judiciary. The majority leave the impression that the Conciliation Court system may be disrupted by requiring one of the conciliation counselors to testify at a deposition, and of course a judge has inherent power to prevent this. There is no suggestion or inference in the statute that the counselors of the Conciliation Court are entitled to any special treatment or have a personal privilege protecting their so-called work product.

The only privilege of confidentiality belongs to the parties appearing in the Conciliation Court. A.R.S. § 25-381.16(D). If there is a waiver of that privilege I find nothing implied in the statute which gives the counselors or director any basis to object to giving testimony on the matters conducted by them.

The form of consent to disclosure submitted by the parties to conciliation was inadequate to cover the situation. The consent form was the usual release of information form used in personal injury litigation. It authorized release of information to the signer's attorney. Since the deposition would involve disclosure to others not covered by the form, the waiver was not broad enough to waive the statutory privilege created by A.R.S. § 25-318.16(D). The Judge of the Conciliation Court was, therefore, justified in quashing the subpoena.