598 P.2d 1008
**STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Plaintiff/Appellant,**

v.

**CITY COURT OF the CITY OF TUCSON, Pima County, Arizona, the Honorable Reuben Moses Emanuel, Magistrate thereof, and Joyce Ann Lichtenstein, Real Party in Interest, Defendants/Appellees.**

No. 2 CA–CIV 3114.

Court of Appeals of Arizona, Division 2.

July 12, 1979.

Frederick S. Dean, City Atty., by Bram J. Goldman, Asst. City Atty., Tucson, for plaintiff/appellant.

John Wm. Johnson by Christopher Paul Tabing, Tucson, for defendant/appellee Emanuel.

OPINION

HOWARD, Judge.

Appellee Lichtenstein received a traffic citation for making a left-hand turn in her automobile onto Third Street, which runs east and west, from Tucson Boulevard, which runs north and south, in violation of traffic control signs reading "No Turn" and "Do Not Enter". This portion of Third Street, is the main bicycle route to the University of Arizona and the City of Tucson has passed ordinances and posted signs prohibiting automobiles from turning onto it from certain main north-south arteries. Turns can be made onto Third Street from other north-south streets in the area.

When Lichtenstein appeared before the appellee City Court of the City of Tucson, the Honorable Reuben Emanuel, who was presiding, interrupted the presentation of the state's evidence:

"All right. No good. Not guilty. The city does not have authority to close off a dedicated street for the private benefit of a few people. That's all. The case is not guilty. I know the area. That's all."

The state petitioned the Superior Court of Pima County for special action review, alleging that the act of the city court was arbitrary, capricious and an abuse of discretion. Lichtenstein, the real party in interest, failed to appear but the magistrate Reuben Emanuel, who was named as a respondent, appeared and argued that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes review. The superior court found that it had no power to grant the requested relief and denied the state's petition.

The state first challenges the right of a city magistrate to take an adversary position when the state seeks review of a magistrate's ruling by means of special action. The city magistrate relies on *Fenton v. Howard*, 118 Ariz. 119, 575 P.2d 318 (1978), wherein the court stated:

"We hold that a judge does have the right to appear and to be represented in a special action against him, where the judge is a named respondent." 575 P.2d at 320.

We are constrained to follow *Fenton* but respectfully submit that it should be overruled. The only legal authority cited by *Fenton* for its unusual holding is *Hickox v. Superior Court in and for County of Maricopa*, 19 Ariz.App. 195, 505 P.2d 1086 (1973), where the court held that the failure to name the judge as a party precluded relief against him. We do not believe *Hickox* supports the court's holding in *Fenton*, which leads to the following bizarre scenario. Picture the courtroom of the Arizona Court of Appeals. At one table is seated the attorney for the petitioner, who is challenging the ruling of the trial court, contending that it abused its discretion and exceeded its jurisdiction. Seated at the other table are both the attorney for the real party in interest and the trial judge

who filed his own response under the authority of *Fenton*. Seated in the rear of the courtroom is the petitioner whose curiosity is piqued by the appearance of the trial judge, that impartial dispenser of justice under the American system of law. Petitioner's curiosity changes to disbelief when this impartial dispenser of justice stands before the appellate tribunal to defend his ruling and his honor. The trial judge is no longer impartial. He is an adversary and an advocate in direct contravention of Canon 3, Code of Judicial Ethics, Rule 45, Rules of the Supreme Court. Even if he appeared through his own attorney rather than personally, we still believe he could be violating the Canons of Judicial Ethics. *Fenton* fails to realize that the naming of the judge as a party under Rule 2, Special Actions, Rules of Procedure, is a historical formality and that the trial judge has no interest whatsoever in the action or the outcome of his ruling. The reasoning set forth in *DeLucca v. Price, Justice of Peace*, 146 Cal. 110, 79 P. 853 (1905) best expresses our opinion as to the right of the trial court to separately appear and defend:

"A tribunal, board, or officer exercising judicial functions is not authorized to litigate, as a party, the mere question as to whether it has, in the doing of an official act, exceeded its jurisdiction. The law has provided methods by which the party aggrieved may have such an act reviewed by a superior tribunal. Ordinarily this is accomplished by an appeal. Where there is no appeal, or any other plain, speedy, and adequate remedy, such act may be reviewed on certiorari. The proceeding in certiorari is simply an additional method of reviewing the action of an inferior tribunal exercising judicial functions, being similar in its nature to an appeal; and the tribunal whose act is assailed thereby has no interest in the matter, in which it has simply acted in a judicial capacity (*I X L Lime Co. v. Superior Court*, 143 Cal. 170, 174, 175, 76 P. 973), to any greater extent or in any different degree than such interest as it may have when an ordinary appeal is taken from its order or judgment. The proceeding is

against the completed act alleged to have been in excess of jurisdiction, rather than against the inferior tribunal; and, while the writ runs to the tribunal whose action is sought to be reviewed, the real adverse party in interest is the one in whose favor the act complained of has been done." 79 P. at 854.

Arizona is not without some authority on this subject. *McCloskey v. Renfro*, 47 Ariz. 534, 57 P.2d 1140 (1936) involved the right of the justice of the peace to appeal from the judgment of a superior court in a certiorari proceeding. McCloskey was a justice of the peace in Navajo County. In a suit in his court he awarded a judgment to Ralph Whiting against R. T. Renfro for $100. Renfro filed a writ of certiorari in the superior court against McCloskey. The trial court vacated the judgment and McCloskey appealed. In dismissing the appeal, the Supreme Court stated:

"The justice of the peace who rendered such judgment is not an aggrieved party. Section 3658, Rev.Code 1928. He has no property or financial interest in the litigation and the way the case was decided is a matter of absolute indifference to him as a presiding judge. The action is between Whiting and Renfro, who are the interested parties. We know of no rule of law that will permit a judge whose judgment is annulled or vacated to become a party to the action and prosecute an appeal. Doubtless many of the judges on occasion would like to appeal, but this is the first time we have known of one doing so. If the superior court erroneously vacated the judgment entered by appellant in the justice court, the party injured thereby may, in a proper proceeding, seek to have the matter reviewed, but not the judge of the court." 57 P.2d at 1140.

Like the trial judge in a case on appeal, the trial judge who is a party in a special action questioning his ruling has no interest in the litigation and should have no interest in the way the case is decided. The requirement under Rule 2, Special Actions, Rules of Procedure, that the judge be named as a

respondent, though necessary, is a mere formality. Under the rules, the real party in interest must be joined with the respondent judge. Presumably he will argue in support of the decision of the trial judge, who ruled in his favor. His lack of desire to do so should be of no interest to the trial judge.

■ It is beyond question that the magistrate's ruling was erroneous. A municipal corporation in the exercise of its police power can make all necessary and desirable regulations which are reasonable and manifestly in the interest of public safety and convenience. *Welton v. City of Los Angeles*, 18 Cal.3d 497, 134 Cal.Rptr. 668, 556 P.2d 1119 (1976); *Camarco v. City of Orange*, 116 N.J.Super. 531, 283 A.2d 122 (1971), aff'd, 61 N.J. 463, 295 A.2d 353 (1972); E. McQuillin, Municipal Corporations, Sec. 24.565 (1968). The traffic controls and ordinances here did not prohibit automobile traffic on Third Street between Country Club and Campbell.[1] Municipal corporations are specifically given the power to regulate or prohibit turning at intersections by A.R.S. Sec. 28–627(A). To provide safe thoroughfares for citizens who use bicycles as a means of transportation is a legitimate goal for the exercise of the city's police power. Reducing the volume of motor traffic on a portion of Third Street by prohibiting automobiles from turning onto it from certain heavily traveled streets is a reasonable means of achieving this goal. The ordinances in question are thus within the city's delegated powers and are a reasonable exercise of the police power. See *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971).

■ However, even though the magistrate erred, the superior court did not abuse its discretion in denying the city relief. The denial of special action relief is a discretionary decision for the superior court which will be upheld for any valid reason disclosed by the record. *Armstrong v. City*

*Court of City of Scottsdale*, 118 Ariz. 593, 578 P.2d 1022 (App.1978). In this case, had a grant of special action review resulted in a finding that the city court abused its discretion in acquitting appellee Lichtenstein, Lichtenstein could, and no doubt would, then raise double jeopardy as a bar to further proceedings against her. The denial of review was an appropriate exercise of discretion in the interests of judicial efficiency to avoid meaningless additional proceedings. See, *United States v. Hill*, 473 F.2d 759, 763 (9th Cir. 1972).

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. Municipal ordinances excluding vehicles or certain classes of vehicles from certain streets may be made and are valid where they are reasonable and justified. McQuillin, Sec. 24.-616. And see, A.R.S. Sec. 28–626 for the power of municipalities to pass ordinances and regulations not in conflict with A.R.S. Title 28, Chapter 6.