849 P.2d 1

**Richard HURLES, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; the Honorable Ruth H. Hilliard, a judge thereof, Respondent Judge,**

**STATE of Arizona, ex rel. Richard ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 93–0046.

Court of Appeals of Arizona, Division 1, Department D.

April 1, 1993.

Michelle R. Hamilton, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for real party in interest.

Grant Woods, Atty. Gen. by Colleen L. French, Asst. Atty. Gen., Phoenix, for respondent.

## OPINION

FIDEL, Chief Judge.

This petition for special action presents a significant threshold question of standing, which we publish this order to address.

The petition arises from a first degree murder prosecution in which the State seeks the death penalty.[1] The defendant petitioner is indigent and represented by appointed counsel. Defendant maintains that he is entitled to two lawyers, not one, in defending a capital case, and asks us to find that the trial judge abused her discre-

---

1. The court of appeals lacks jurisdiction to hear appeals from capital cases. See Ariz.Rev.Stat. Ann. ("A.R.S.") § 12–120.21(A)(1) (1992). However, we have jurisdiction to hear petitions for special action arising from capital cases. See A.R.S. § 12–120.21(A)(4). Accordingly, we have considered the petition in this case.

tion by declining to appoint him a second lawyer.

The real party in interest is the State of Arizona, represented by the office of the Maricopa County Attorney. That office has declined to take a position on defendant's request, properly acknowledging that it lacks standing in the selection of defendant's counsel. *See, e.g., Knapp v. Hardy,* 111 Ariz. 107, 112, 523 P.2d 1308, 1313 (1974) (It "strike[s] at the very heart of the adversary system ... 'for the prosecution to participate in the selection or rejection of its opposing counsel.' ").

Although the real party in interest has thus chosen not to respond to defendant's arguments, a response has been filed on behalf of the trial judge. The Attorney General, claiming that the trial judge's status as nominal respondent entitles her to defend the validity of her challenged order, has argued in a responsive pleading in the trial judge's name that her denial of second counsel was correct under the circumstances of this case.[2]

At oral argument on the petition for special action, this Court questioned the trial judge's standing to appear. We also discussed the Attorney General's practice of relieving the County Attorney as counsel for the State at the appellate stage of criminal prosecutions, and questioned whether, by appearing as counsel for the trial judge, the Attorney General may escape the ban on the prosecution attempting to influence the selection of defendant's counsel. We extended the time for oral argument to permit counsel to address these issues, and we permitted further argument in supplemental memoranda. We now rule.

### 1. Trial Court Standing to Respond

Pursuant to Rule 2(a), Rules of Procedure for Special Actions, the trial court must be named as a nominal respondent in any petition for special action that challenges the validity of a trial court ruling.[3] Such status is a formality, however, that does not necessitate a responsive appearance by that court. The question thus arises whether—or under what circumstances—the trial court may properly respond.

To address that question, we distinguish two sorts of responses: One, in defending a challenged ruling, asserts the general validity of an underlying administrative practice, policy, or local rule. The second, in defending a challenged ruling, asserts the validity of a trial judge's resolution of a particular issue in a single case. We may call these responses, in shorthand, the "defense-of-policy" response and the "I-ruled-correctly" response. This distinction has only gradually come to surface in the three previous cases on point.

The "defense-of-policy" response is illustrated by the first of the pertinent cases, *Fenton v. Howard,* 118 Ariz. 119, 575 P.2d 318 (1978). There the presiding domestic relations judge of the Superior Court in Pima County had denied a litigant access to Conciliation Court counseling records that the Conciliation Court regarded as confidential. When the litigant challenged the presiding judge's order by special action, the judge filed a response. In permitting the response, the supreme court emphasized that the trial judge appeared in an administrative, policy-defending, role. The court stated:

> We hold that a judge does have the right to appear and to be represented in a special action against him, where the judge is a named respondent.... In the instant case, the right of the judge to appear and to be represented is especial-

---

2. The record does not indicate whether Judge Hilliard, the nominal respondent, actually authorized such a pleading to be filed. From the statement of the Attorney General at oral argument, the pleading was requested by the presiding criminal judge, not by Judge Hilliard, and there was no contact between Judge Hilliard and the Attorney General's office as the pleading was prepared.

3. Rule 2(a)(1) provides in pertinent part: "The complaint shall join as a defendant the body, officer, or person against whom relief is sought. If any public body, tribunal, or officer is named as a defendant, the real party or parties in interest shall also be joined as defendants."

ly important because the judge named as respondent is the head of the Conciliation Court, and he is therefore vitally concerned with the outcome of the Special Action. It is the judge's prerogative to appear and argue for a result which would not hamper the effective functioning of the Conciliation Court.

*Id.* at 121, 575 P.2d at 320 (citation omitted).

There are two ways to interpret *Fenton.* One is to isolate the broad first sentence from the remainder of the quoted passage and take it to establish a trial judge's unequivocal right to respond to a special action, whatever the nature of the decision the judge seeks to defend. Our court interpreted *Fenton* in this manner in *State ex rel. Dean v. City Court,* 123 Ariz. 189, 598 P.2d 1008 (App.1979), though the court criticized the result it felt constrained to reach.

In *Dean,* a city magistrate appeared in special action proceedings in the superior court and court of appeals to defend his dismissal of a traffic citation in the municipal court. The judge's pleading invoked no administrative policy and was merely of the "I-ruled-correctly" sort. The *Dean* court condemned the impropriety that· arises when

> the trial judge, that impartial dispenser of justice ... stands before the appellate tribunal to defend his ruling and his honor. The trial judge is no longer impartial. He is an adversary and an advocate....

*Id.* at 191, 598 P.2d at 1010. However, the court admitted the judge's response because it interpreted *Fenton* as categorically permitting a special action response by any nominal-respondent judge.

A second—and we believe more accurate—way to read *Fenton* is to ground its holding in its facts. The *Fenton* court approved a responsive pleading in a case where the judicial respondent, acting as a judicial administrator, was defending the

policy of confidential counseling in the Conciliation Court. Because *Fenton* involved a "defense-of-policy" response, the court neither considered nor decided the validity of an "I-ruled-correctly" response. This distinction, which was overlooked in *Dean,* was recognized in *Dunn v. Superior Court,* 160 Ariz. 311, 772 P.2d 1164 (App. 1989).

In *Dunn,* the presiding civil judge of the Superior Court in Maricopa County responded to a special action that challenged an order by which he had rejected a notice of change of judge. In accepting his response, we observed that its purpose was to inform this court that the. challenged order reflected his standard administrative practice and to explain the administrative policies and concerns that underlay that practice. We expressly distinguished such a judicial response from the response criticized in *Dean,* stating:

> [I]f we decide that the challenged order· was made without authority, the daily administrative policies of the civil presiding judge in reviewing notices of change of judge and in assigning cases could be affected. Under these circumstances, the respondent judge has *a legitimate administrative interest* in appearing and defending those administrative policies. He is properly before this court as an advocate.

*Id.* at 314, 772 P.2d at 1167 (emphasis added).

In this case, we apply the distinction that was latent in *Fenton* but patent in *Dunn.* We hold that it is proper for a judge named as a respondent in a special action to file a responsive pleading if the purpose of the response is to explain or defend an administrative practice, policy, or local rule, but that it is improper for a judge to respond merely to advocate the correctness of an individual ruling in a single case.[4]

Judges, of course, generally hope their rulings are affirmed, whether on special

---

4. We do not hold that a response is *only* appropriate in the "defense-of-policy" category of cases. Other circumstances might arise in future cases—for instance, a judge attempting to respond to an allegation of ethical impropriety—in which the court may consider the propriety of a response. Our limited holding is that a response is inappropriate that merely seeks to advocate the correctness of a given ruling.

action or direct appeal. Yet trial court judges do not appear in the many direct appeals that this court considers to advocate upholding their rulings. Nor do judges of this court seek standing to urge the supreme court to uphold our rulings on review. Rather, at every level of the judiciary, judges are presumed to recognize that they must do the best they can, ruling by ruling, with no personal stake—and surely no *justiciable* stake—in whether they are ultimately affirmed or reversed. This principle, which is essential to impartial adjudication, does not change from direct appeal to special action, merely because the judge is a nominal respondent in the latter.

We come then to the question which sort of pleading the responding judge has offered in this case. We conclude that it is of the inappropriate "I-ruled-correctly" sort.

■ As we have indicated previously, the Attorney General informed us at oral argument that it was the presiding criminal judge, not the responding judge, who requested a responsive pleading in this case. However, the presiding criminal judge did not seek to appear. Nor does the pleading seek to inform us of any administrative policies or practices of the criminal department that underlie the challenged order. Rather, the pleading merely argues that the respondent judge ruled properly on the evidence before her.[5] We hold that the trial judge lacked standing to file a responsive pleading of this sort, and we decline to consider the pleading that was filed in her name.

### 2. The Attorney General's Appearance

Our holding that the judge's responsive pleading was improper makes it unnecessary for us to decide the propriety of the Attorney General appearing on her behalf. If, in a later special action involving the

appointment of counsel for a criminal defendant, a presiding judge or departmental presiding judge seeks to respond or intervene to defend a pertinent administrative policy, that judge and the Attorney General may consider whether representation should be provided by an alternative, non-prosecutorial source. If they choose for the Attorney General to appear, that will be time enough to decide whether the Attorney General is barred by the proscription against the State taking a position on the choice of defendant's counsel.

### 3. Jurisdiction

Having resolved the threshold questions of standing, insofar as it is necessary for us to do so, we turn to the petition for special action itself.

■ We decline to accept jurisdiction because we conclude that the petition is premature. From our review of the record and from the comments of defendant's counsel at oral argument, it appears that counsel maintains that two lawyers are needed for any capital defense, but has not attempted a particularized showing on the need for second counsel in this case. Nor did counsel submit evidence to the trial court regarding customary practice in defense of ·capital cases. Nor did counsel explore with the trial judge whether in this case the services of second counsel might be limited to a particular phase of trial. We do not read the trial judge's order to preclude counsel from attempting such a showing. Accordingly, we find no matter that warrants special action intervention at this time.

### 4. Conclusion

For the foregoing reasons, it is ordered as follows:

1. The court has considered the respondent judge's supplemental memorandum on

---

5. The Attorney General argues essentially that the case is relatively uncomplicated, that the anticipated expert testimony is not complex, and that, accordingly, a single lawyer can adequately defend this case.

the issue of standing, but the court declines to consider that judge's initial responsive memorandum on the issues raised in the petition for special action.

2. The court declines to take jurisdiction of the petition for special action.

TOCI, P.J., and CLABORNE, J., concur.