855 P.2d 798

**Dean W. TREBESCH, Maricopa County Public Defender, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; the Honorable Robert Murphy, a commissioner thereof, Respondent Judge,**

**The ARIZONA DEPARTMENT OF CORRECTIONS, Samuel Lewis, Director, Real Party in Interest.**

No. 1 CA-SA 93-0087.

Court of Appeals of Arizona, Division 1, Department D.

July 13, 1993.

---

* The Honorable Steven D. Sheldon, Judge of the Maricopa County Superior Court, was authorized to participate in this matter by Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. 6, § 31.

Dean W. Trebesch, Maricopa County Public Defender by Leslie Newhall and Russell G. Born, Deputy Public Defenders, Phoenix, for petitioner.

Grant Woods, Atty. Gen. by Mary Jane Gregory and Sonia D. Overholser, Asst. Attys. Gen., Phoenix, for respondent.

## OPINION

CLABORNE, Judge.

In this special action, Petitioner seeks review of the appointment of a public defender to represent a prison inmate on an emergency psychiatric transfer petition. We previously entered an order accepting jurisdiction with an opinion to follow. This is that opinion.

The Arizona Department of Corrections ("DOC") filed a petition seeking an emergency transfer of DOC inmate M.E. for inpatient psychiatric treatment pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") sections 31–226 (Supp.1992) and 31–226.01 (1986). DOC alleged in its petition that M.E. was a danger to himself and others, and without treatment in a mental health facility, he was likely to suffer serious harm or inflict substantial physical harm on others. DOC further alleged that M.E. was unwilling to accept or was incapable of accepting treatment voluntarily.

On the same day that DOC filed its petition, the Maricopa County Superior Court entered an order appointing the Maricopa County Public Defender to represent M.E. at the hearing on the petition. The Maricopa County Public Defender's Office moved for reconsideration of the appointment on the ground that the emergency psychiatric transfer proceedings were outside the scope of A.R.S. section 11–584 (1990), which specifies the duties of the public defender. The trial court declined to vacate the order appointing the public defender. The petition for emergency psychiatric transfer proceeded to a hearing and the court granted DOC's petition. Petitioner then brought this special action.

### 1. Special Action Jurisdiction

 We first explain why we take this case. A denial to vacate an order appointing the public defender is a non-appealable, interlocutory order. The sole remedy from this interlocutory order is special action. See Henke v. Superior Ct., 161 Ariz. 96, 98, 775 P.2d 1160, 1162 (App.1989). In addition, where there is a lack of case law on the issue to be addressed and the matter is one of statewide importance, special ac-

tion jurisdiction is essential. *See Duquette v. Superior Ct.*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989). Since we believe that this is an issue in which there is limited case law, it is of statewide importance, and there is no equally plain, speedy, and adequate remedy by appeal, we accept jurisdiction. *See* Rule 1(a), Rules of Procedure for Special Actions.

## 2. Mootness

Although the hearing on the petition for emergency transfer has been heard and decided with the inmate being represented by the public defender, the public defender's office may be faced with similar orders by the superior court to represent inmates on petitions for emergency transfer in the future and such orders will continue to evade review due to the need to expedite the transfer hearings. *See KPNX Broadcasting Co. v. Superior Ct.*, 139 Ariz. 246, 678 P.2d 431 (1984); *Berry v. Department of Corrections*, 144 Ariz. 318, 697 P.2d 711 (App.1985). For these reasons, we address the issue of whether the public defender may be appointed to represent a prison inmate on a petition for emergency transfer.

## 3. Trial Court Standing

First, we must decide if the superior court and/or Commissioner Murphy has standing to respond to the petition for special action. The attorney general has filed a responsive pleading on behalf of both. The trial court must be named as a nominal respondent in any petition for special action that challenges the validity of a trial court ruling. *See* Rule 2(a), Rules of Procedure for Special Actions. The trial court's status as a nominal respondent is merely a formality which does not necessitate a responsive appearance. The issue becomes under what circumstances the trial court may properly respond.

We recently decided the standing issue in *Hurles v. Superior Ct.*, 174 Ariz. 331, 849 P.2d 1 (App.1993). The issue of whether the superior court may contest this special action turns on whether their response to the petition is a "defense-of-

policy" response or an "I-ruled-correctly" response. *Hurles*, 174 Ariz. at 332, 849 P.2d at 2. A "defense-of-policy" response is one in which the respondent is asserting the general validity of the underlying administrative practice, policy, or local rule. *Id.* The "I-ruled-correctly" response is one in which the respondent asserts the validity of the resolution of a particular issue in the case. *Id.*

We distinguish the response of Commissioner Murphy from that of the superior court. Here, the individual judge's purpose in responding can only be to defend his ruling in the case. Nothing in the pleadings indicates that he is asserting the validity of any of the administrative policies or practices of the criminal department that underlie the challenged order. Further, Commissioner Murphy is not a presiding judge whose daily administrative policies or duties will be affected by a decision in this case. Thus, we conclude that Commissioner Murphy's response is of the inappropriate "I-ruled-correctly" sort. However, the superior court is also a named respondent and its response is of the appropriate "defense-of-policy" sort. The superior court asserts a defense of the authority of judges to appoint from a large pool of lawyers when appointing under A.R.S. sections 31–226 and 31–226.01 rather than a pool reduced by the exclusion of the public defender's office. Because we find that the superior court has standing to file a responsive pleading, we will consider the pleading that was filed in its name.

## 4. The Attorney General's Appearance

In *Hurles*, we raised the question of whether it was appropriate for the attorney general to appear on behalf of a superior court judge in a special action arising in the course of an ongoing prosecution in light of the restriction against a prosecutor participating in the selection of adversarial counsel. *Hurles*, 174 Ariz. at 332, 849 P.2d at 2. This, however, is not an ongoing prosecution. Rather, it involves a post-conviction issue of inmate psychiatric treatment. Moreover, nothing concerning the prisoner remains to be litigated, and the

prisoner is not named as a real party in interest. The attorney general is appearing solely to litigate the general issue of the court's appointment power. Thus, the attorney general's appearance in this case does not present the question of impropriety that we identified in *Hurles*.

### 5. *Appointment of Public Defender*

The sole issue raised by Petitioner in this special action is whether a trial court may appoint a public defender to represent inmates incarcerated in the Department of Corrections on emergency psychiatric transfer hearings pursuant to A.R.S. sections 31–226 and 31–226.01. We find that the trial court may not appoint public defenders in such proceedings.

A.R.S. section 11–584 enumerates the duties of the public defender. That statute provides in pertinent part:

A. The public defender shall perform the following duties:

1. Upon order of the court, defend, advise and counsel without expense, subject to the provisions of subsection B, to the defendant any person who is not financially able to employ counsel in the following proceedings:

(a) Offenses triable in the superior, municipal or justice courts at all stages of the proceedings, including the preliminary examination, but only for those offenses which by law require that counsel be provided.

(b) Extradition hearings.

(c) Sanity hearings only when appointed by the court under provisions of title 36, chapter 5.

(d) Involuntary commitment hearings held pursuant to title 36, chapter 18, only if appointed by the court.

(e) Juvenile delinquency and incorrigibility proceedings only when appointed by the court under provisions of § 8–225.

(f) Appeals to a higher court or courts.

This statute does not include the representation of prison inmates on emergency psychiatric transfers pursuant to A.R.S. sections 31–226 and 226.01. Our supreme court has twice held that the language in A.R.S. section 11–584 is clear and unambiguous and prohibits public defenders from defending persons outside the scope of the statute. *See Lee v. Superior Ct.*, 106 Ariz. 165, 472 P.2d 34 (1970) (public defender's office could not be appointed as counsel for misdemeanor cases which were not serious crimes); *Shepherd v. Fahringer*, 158 Ariz. 266, 762 P.2d 553 (1988) (public defender prohibited from representing an indigent person during period between dismissal of charges and a later indictment).

Respondents, however, cite *Smith v. Lewis*, 157 Ariz. 510, 759 P.2d 1314 (1988), for the proposition that the statute does not limit public defenders to the representation of indigents in proceedings enumerated within the statute, but rather enumerates a *non-exclusive* list of types of proceedings in which public defenders can appear. *Smith* is not as broad as Respondents argue.

In *Smith*, the defendant was convicted of first-degree murder and sentenced to death. After exhausting all of his state remedies, the defendant petitioned in federal court for writ of habeas corpus. The federal district court appointed the county public defender's office to represent the defendant in the habeas corpus action. The state attorney general and the county attorney objected to the appointment, and the federal district court certified the question to the state supreme court. The supreme court held that the state public defender could provide representation for the defendant in the federal court if ordered to do so, as long as the county was reimbursed by the federal government. *Smith*, 157 Ariz. at 514, 759 P.2d at 1318.

The most significant language in *Smith* is the supreme court's explanation of why it found "no statutory *or* policy impediment to public defenders' representing capital defendants at federal cost." *Smith*, 157 Ariz. at 513, 759 P.2d at 1317 (emphasis added). First, the court examined the statute:

The statute provides that a court may order defenders to appear for indigent defendants in cases involving "offenses triable in the superior ... courts at all

stages of the proceedings...." A.R.S. § 11–584(A)(1)(a). Thus, the law requires only that a court order the appearance and the matter to be heard involves an offense of a type "triable" in superior court, not that the specific matter actually be heard there....

*Smith,* 157 Ariz. at 513–14, 759 P.2d at 1317–18.

█ This passage defeats the argument that the *Smith* decision permits the public defender to be appointed in matters beyond the scope of A.R.S. section 11–584. Rather, the court takes pains to explain that 11–584 is broad enough to *include* federal habeas corpus representation. Unlike *Smith,* none of the subsections of 11–584 is broad enough to include the representation ordered in this case. To the contrary, subsection (c) affirmatively excludes the appointment, because it permits representation in sanity hearings only when the appointment is under Title 36. Unlike *Smith,* there is a statutory impediment because this is not a Title 36 proceeding.

In addition, there exists a policy impediment where in *Smith,* public policy favored the appointment of the public defender. In *Smith,* efficiency was promoted because the public defender had represented the defendant at trial, on appeal, in certiorari proceedings, and in post-conviction relief proceedings. The court emphasized that under such circumstances,

> Finding a new lawyer and bringing him or her up to a level of even marginally adequate representation would often be quite inefficient. Both state and defendant benefit from prompt, prepared and effective representation.

*Smith,* 157 Ariz. at 514, 759 P.2d at 1318. The positive policy reason is absent here. This was an original proceeding, arising

from the real party in interest's mental condition while in prison, and no pertinent issue of continuity of representation was presented. There is no affirmative reason to appoint a member of the public defender's office rather than some other lawyer.

Respondents next argue that the public defender routinely accepts appointment to represent juveniles when Department of Youth Treatment and Rehabilitation ("DYTR") petitions are filed, suggesting that emergency inmate transfer proceedings are no different. However, the public defender's office does not take DYTR representation gratuitously, but rather provides the services pursuant to legislative mandate. Title 8 governing juvenile proceedings, specifically designates proceedings to obtain emergency juvenile psychiatric treatment to be pursuant to Title 36 chapter 5. *See* A.R.S. § 8–242.01(B) and (H) (Supp.1992). Because DYTR proceedings fall within the reach of Title 36 chapter 5, the public defender is required to undertake representation if appointed by the court. *See* A.R.S. § 11–584(A)(1)(c). The comparison is harmful, not helpful to the position of Respondents.

In conclusion, emergency psychiatric transfer proceedings under Title 31 do not fall within the enumerated duties of the public defender, and therefore the appointment in this case was erroneous. For these reasons, we grant relief.

TOCI, P.J., and FIDEL, C.J., concur.