908 P.2d 489

**COCONINO COUNTY PUBLIC DEFENDER, Petitioner,**

v.

**The Honorable Charles D. ADAMS, Respondent,**

**Joleen OVIND, Real Party in Interest.**

**No. 1 CA–SA 95–0244.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 21, 1995.

---

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Petitioner.

Grant Woods, Attorney General by David A. Powell, Assistant Attorney General, Phoenix, for Respondent.

## OPINION

THOMPSON, Presiding Judge.

The Coconino County Public Defender petitions this court for special action relief from a superior court order denying his motion to withdraw as counsel of record for the real party in interest, Joleen Ovind, in proceedings before the psychiatric security review board. We previously entered an order accepting jurisdiction and granting relief, with this opinion to follow.

## FACTS AND PROCEDURAL HISTORY

In 1994, a grand jury indicted Joleen Ovind ("defendant") on a charge of first degree murder. The court appointed the Coconino County Public Defender ("petitioner") to represent defendant at trial. Defendant waived her right to a jury trial. The trial

court found defendant guilty except insane pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–502. The court committed defendant to the jurisdiction of the state psychiatric security review board ("Board"). *See* A.R.S. § 13–3994.

Defendant thereafter requested a hearing before the Board, apparently to determine whether she was entitled to release from the state mental health facility. On defendant's behalf, the Board requested that the court appoint counsel to represent defendant at the hearing. Judge Charles D. Adams granted the Board's request and appointed petitioner to represent defendant. Petitioner moved to withdraw as counsel, arguing that representation of individuals in proceedings before the Board is outside the statutory duties of the county public defender as enumerated in A.R.S. § 11–584. Judge Adams denied the motion to withdraw. In his order, Judge Adams reasoned that, because first degree murder charges are triable in superior court, a Board hearing subsequent to a determination of guilty except insane of first degree murder is a "regular statutory event[ ] of the Title 13 scheme ... direct and not incident to the proceedings applicable to an offense triable in the superior court." Thus, he ruled that defendant's hearing before the Board constituted a "stage of the proceeding" within the meaning of A.R.S. § 11–584.

Petitioner filed its petition for special action seeking relief from Judge Adams's order.

## DISCUSSION

An order denying a motion by the public defender to withdraw from representation prior to trial is a non-appealable, interlocutory order. *See Okeani v. Superior Court,* 178 Ariz. 180, 181, 871 P.2d 727, 728 (App.1993); *Trebesch v. Superior Court,* 175 Ariz. 284, 286, 855 P.2d 798, 800 (App.1993); A.R.S. § 13–4033. Finding that petitioner therefore had no equally plain, speedy and adequate remedy by appeal, and that the issue of law raised by this special action is of statewide importance and likely to reoccur, we accepted jurisdiction. *State ex rel. Romley v. Superior Court,* 181 Ariz. 378, 380, 891

P.2d 246, 248 (App.1995); *see* Ariz.R.P.Spec.Actions 1.

The decision whether to grant counsel's motion to withdraw from representation is left to the sound discretion of the trial court. *Agraan v. Superior Court,* 4 Ariz. App. 141, 143, 418 P.2d 161, 163 (1966). We will disturb the court's ruling only upon a clear showing of abuse of discretion. *Id.; see State ex rel. Romley v. Gottsfield,* 171 Ariz. 195, 197, 829 P.2d 1241, 1243 (App. 1992).

The sole issue raised by petitioner in this special action is whether a trial court may appoint a public defender to represent a patient committed to a state mental health facility in proceedings before the Board pursuant to A.R.S. § 13–3994. We conclude that the trial court may not appoint a public defender in such a case.

The duties of the public defender are clearly enumerated in A.R.S. § 11–584(A). That statute provides that, on order of the court, the public defender shall represent indigent defendants in the following proceedings:

(a) Offenses triable in the superior, municipal or justice courts at all stages of the proceedings, including the preliminary examination, but only for those offenses which by law require that counsel be provided.

(b) Extradition hearings.

(c) Sanity hearings only when appointed by the court under provisions of title 36, chapter 5.

(d) Involuntary commitment hearings held pursuant to title 36, chapter 18, only if appointed by the court.

(e) Juvenile delinquency and incorrigibility proceedings only when appointed by the court under provisions of § 8–225.

(f) Appeals to a higher court or courts.

(Footnotes omitted.)

Representation of patients committed to state mental health facilities in Board hearings pursuant to A.R.S. § 13–3994 is not included under this statute. However, the trial court ruled that because the defendant's guilty except insane verdict and subsequent automatic commitment resulted from an of-

fense triable in the superior court, Board hearings are a necessary "stage[ ] of the proceedings" under § 11–584(A)(1)(a). We disagree.

■ While a hearing before the Board is a direct consequence of a guilty except insane verdict, it is too attenuated from the criminal conviction to be considered a stage of the proceeding. In this sense, such hearings are similar to parole release hearings, which also follow from a conviction for an offense triable in superior court. Like parole release hearings, the purpose of the instant Board hearing is to assist the Board in gathering information to determine if the defendant can safely return to society. *See Borchers v. Bd. of Pardons & Paroles,* 174 Ariz. 463, 469, 851 P.2d 88, 94 (App.1992). Significantly, the public defender is not required to provide representation for defendants at parole release hearings. *Ganz v. Bensinger,* 480 F.2d 88 (7th Cir.1973); *Menechino v. Oswald,* 430 F.2d 403 (2d Cir.1970), *cert. denied,* 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971); *see generally* A.R.S. § 31–411. As the Supreme Court has recognized, "parole is not part of a criminal prosecution.... [It] arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Likewise, here, supervision of defendants adjudicated guilty except insane is not by the court system, but rather by the state psychiatric board. *See* A.R.S. § 13–3994.

■■ Petitioner argues that, absent legislative action, the public defender is limited to providing representation in only those types of proceedings enumerated within the statute. For this proposition, petitioner cites *Trebesch* in which this court considered whether a trial court may appoint a public defender to represent a prisoner in an emergency psychiatric transfer hearing under A.R.S. §§ 31–226 and 31–226.01. 175 Ariz. at 286, 855 P.2d at 800. We held that because Title 31 emergency psychiatric proceedings are not among the statutorily-defined types of proceedings under A.R.S. § 11–584, the public defender may not be

appointed by the court to provide representation. *Id.* at 288–89, 855 P.2d at 802–03. In so doing, we noted that:

> Our supreme court has twice held that the language in A.R.S. section 11–584 is clear and unambiguous and prohibits public defenders from defending persons outside the scope of the statute. *See Lee v. Superior Ct.,* 106 Ariz. 165, 472 P.2d 34 (1970) (public defender's office could not be appointed as counsel for misdemeanor cases which were not serious crimes); *Shepherd v. Fahringer,* 158 Ariz. 266, 762 P.2d 553 (1988) (public defender prohibited from representing an indigent person during period between dismissal of charges and a later indictment).

175 Ariz. at 288, 855 P.2d at 802. Our reasoning in *Trebesch* applies equally here. If the legislature intended to require public defenders to represent patients in proceedings before the Board, it would have clearly provided for such representation. Our function is to construe a statute according to its plain and unambiguous language and to follow its dictates as written. *Consolidated Roofing & Supply Co. v. Grimm,* 140 Ariz. 452, 457, 682 P.2d 457, 462 (App.1984). Without clear legislative guidance, we decline to expansively interpret the statutory list of types of proceedings in which public defenders may appear.

The legislature has provided for the appointment of counsel for indigents convicted pursuant to § 13–3994. A.R.S. § 31–502(A)(9). The trial court should therefore appoint a lawyer other than petitioner to represent defendant before the Board.

### CONCLUSION

Representation of defendant in proceedings before the Board falls outside the scope of the public defender's duties enumerated in A.R.S. § 11–584. The trial court therefore abused its discretion when it denied petitioner's motion to withdraw.

EHRLICH and KLEINSCHMIDT, JJ., concur.