229 P.3d 264

**STATE of Arizona ex rel. ARIZONA DEPARTMENT OF CORREC-TIONS, Petitioner,**

v.

**The Honorable William T. KIGER, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**Homer Ray Roseberry; Yavapai County; and Steve Waugh, Yavapai County Sheriff, Real Parties in Interest.**

No. 1 CA–SA 09–0067.

Court of Appeals of Arizona, Division 1, Department A.

April 29, 2010.

Terry Goddard, Attorney General By Paul E. Carter, Assistant Attorney General, Tucson, Attorneys for Petitioner.

Sheila Sullivan Polk, Yavapai County Attorney By Bill R. Hughes, Deputy County Attorney, Prescott, Attorneys for Real Parties in Interest.

## OPINION

HALL, Judge.

¶ 1 This case presents the issue whether a superior court abused its discretion by ordering that the Arizona Department of Corrections (ADOC) transport Homer Roseberry, a death-row prison inmate housed at the Arizona State Prison Complex in Florence, to a medical facility in Tucson for testing in connection with his pending post-conviction relief petition. ADOC contends that Arizona Revised Statutes (A.R.S.) section 31–225 (2002) imposes upon the sheriff of the county where the proceeding is pending the duty to transport inmates whenever the purpose for the transport is "inextricably connected to a court proceeding." We conclude that § 31–225 is not applicable under these circumstances. We further conclude that the superior court possesses inherent authority to order the agency that has custody of an inmate to transport him for court-related proceedings that do not require the inmate to be brought before the court. Finally, we reject ADOC's contention that the transport order intruded on its executive authority over the inmates in its custody.

## BACKGROUND

¶ 2 Roseberry was sentenced to death after being convicted of first-degree murder in Yavapai County Superior Court. His conviction and sentence were affirmed on direct appeal. *State v. Roseberry*, 210 Ariz. 360, 111 P.3d 402 (2005).[1] Roseberry is currently seeking post-conviction relief under Arizona Rule of Criminal Procedure 32. In connection with that proceeding, his defense counsel sought a court order requiring that Roseberry be transported to a medical facility in Tucson for organic and neurological testing. The court entered an order requiring ADOC rather than the Yavapai County Sheriff to transport Roseberry. ADOC then filed this

special action in which it contends that the superior court exceeded its authority because A.R.S. § 31–225 requires that the local county sheriff execute all transport orders arising out of superior court proceedings. We previously accepted jurisdiction of the special action because ADOC is a nonparty to the post-conviction relief proceeding and has no adequate remedy by appeal, *see Arpaio v. Steinle*, 201 Ariz. 353, 354, ¶ 3, 35 P.3d 114, 115 (App.2001) (citing Ariz. R.P. Spec. Act. 1(a)), but denied relief. We now explain our reasons for denying relief.

## DISCUSSION

¶ 3 A.R.S. § 31–225 (2002) provides: When it is necessary that a person imprisoned by the department be brought before any court, or that a person imprisoned in a county jail be brought before a court in another county, an order may be made for that purpose by the court and executed by the sheriff of the county where the order is made.

In *Arpaio v. Steinle*, we considered whether § 31–225 required the Sheriff of Maricopa County to transport three prison inmates in the custody of ADOC to court for a civil trial. 201 Ariz. at 353–54, ¶ 1, 35 P.3d at 114–15. Applying the statute's plain meaning, we rejected the Sheriff's argument that § 31–225 did not apply in all instances in which an inmate was to be transported to court. *Id.* at 355, ¶ 7, 35 P.3d at 116. Here, ADOC argues that § 31–225 is not limited in its application to when a prison inmate is required to physically appear in court but also applies to the transport of an inmate to any location for any purpose related to a court proceeding. We disagree.

¶ 4 In *Arpaio*, we held that the plain meaning of § 31–225's requirement that the sheriff of the county in which an order issued provide the transport "[w]hen it is necessary that a person imprisoned by [ADOC] be brought before any court" was not limited to criminal cases and did not permit an exception to be carved out for civil cases. In contrast to the Maricopa County Sheriff's effort in *Arpaio* to narrow the scope of § 31–225 by excluding civil cases, ADOC is essen-

---

1. Roseberry was also convicted and sentenced for noncapital offenses that are not germane to

the present proceeding.

tially asking us to broaden its scope beyond its plain meaning by finding it applicable whenever a court orders an inmate to be transported for a reason that is inextricably connected to a court proceeding but does not necessitate that the inmate be brought before the court. We decline to judicially expand the phrase "brought before any court" so as to require the county sheriff to provide the transport whenever a court orders that an inmate be moved for any purpose incidental to a court proceeding. *See State ex rel. Morrison v. Anway,* 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960) ("It is a universal rule that courts will not enlarge, stretch, expand, or extend a statute to matters not falling within its express provisions.").

¶ 5 Having determined that § 31–225 does not compel the Yavapai County Sheriff to transport Roseberry for the medical appointment, we also note that no statute requires that ADOC provide such transportation. We readily conclude, however, that the superior court's order directing that ADOC transport Roseberry is a valid exercise of its inherent authority. Under A.R.S. § 12–123(B) (2003), "[t]he court, and the judges thereof, shall have all powers and may issue all writs necessary to the complete exercise of its jurisdiction." And under A.R.S. § 12–122 (2003), "[t]he superior court, in addition to the powers conferred by constitution, rule or statute, may proceed according to the common law." *See also Fenton v. Howard,* 118 Ariz. 119, 121, 575 P.2d 318, 320 (1978) ("Every court has inherent power to do those things which are necessary for the efficient exercise of its jurisdiction."); *Owen v. City Court of Tucson,* 123 Ariz. 267, 268, 599 P.2d 223, 224 (1979) (Inherent powers are those that are "indispensable if a court is to perform the duties specifically assigned to it" and "are impliedly given when a court is created even though the powers may not be catalogued in the constitution or statute."). A court's power to order the custodian of a prisoner to transport him for a medical examination as part of a post-conviction relief proceeding is clearly indispensable to the court's ability to perform its duties. *Cf. Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 39, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (holding court lacked power to "cause third parties *who are neither custodians nor parties* to the litigation to bear the cost of [transporting a prisoner to court]" (emphasis added)).

¶ 6 Finally, we reject ADOC's claim that the court order "intrudes on ADOC's executive mission to safely and securely hold the inmates in its custody." *See* A.R.S. § 31–201.01 (2002). We first note that the court's authority to order that Roseberry be transported from the Arizona State Prison Complex in Florence to Tucson and back is not in issue. The order itself left all the details of transport in the discretion of ADOC. Under these circumstances, we do not perceive that the court's transport order significantly infringes on ADOC's executive authority.

## CONCLUSION

¶ 7 Given the absence of any statute directing who is to transport a prison inmate under these circumstances, the superior court did not abuse its substantial discretion on this record by ordering that ADOC, to whose custody Roseberry was committed, transport him for his medical appointment. Accordingly, we affirm the superior court's transport order.

CONCURRING: DANIEL A. BARKER, and JON W. THOMPSON, Judges.